HENRY W. MOORE, Appellant, *v.* GABRIEL DUNNING, Appellee.

APPEAL FROM OGLE.

The desertion of a family by the father, the family still occupying the homestead, is not an abandonment of it. It remains as well the home and residence of the father as of the family.

THIS was an action of ejectment, brought by appellee against appellant, to recover possession of the east half of the south-west quarter, and the north-west quarter of the south-west quarter, of Sec. 34, Town 42 north, of range 2 east of the third principal meridian.

Declaration in the usual form for the premises above described.

Notice and proof of service.

Plea, not guilty.

Trial by jury, and verdict as follows: "We, the jury, find

the issue for the plaintiff, and that he has established on the trial a title in himself in fee simple, in and to the lands and premises described in his declaration, and that the defendant is guilty of withholding the possession thereof, as charged in plaintiff's declaration, and we assess the plaintiff's damages at one cent."

Motion for new trial overruled.

Judgment entered as follows: "And, therefore, it is considered by the court, that the said plaintiff have and recover of and from the said defendant, the said premises, according to the form and effect of said recovery, and that the plaintiff recover of the defendant his costs in this behalf expended, and that he have execution therefor."

Appeal prayed for, and allowed.

Plaintiff read in evidence a trust deed, made by defendant and wife, to John G. Penfield, which was given to secure a debt to one Livingston Compton, and is in the form generally used, but contained this clause:

"And in consideration of the further sum of one dollar, to them in hand paid before ensealing and delivery hereof, the receipt of which is hereby acknowledged, the said party of the first part do hereby waive and relinquish all right and benefit of exemption of said premises, under the exemption laws of the State of Illinois. If the debt or liability aforesaid shall be duly paid or discharged by the said party of the first part, then this indenture shall be null and void, and the manner and form of canceling the same and releasing said trust shall be the same as is prescribed by law for the release of mortgages, which canceling and releasing shall be sufficient, whether given by the party secured, or by the said trustee or his attorney, executors, administrators or assigns, which release shall be at the expense of the party of the first part."

In witness, etc.

(Signed)    H. W. MOORE. [SEAL.]
        SARAH A. MOORE. [SEAL.]

Acknowledgment to the trust deed:

STATE OF ILLINOIS, ⎱ *ss.*
   OGLE COUNTY. ⎰

I, Wm. F. Perry, justice of the peace in and for said county, do hereby certify that Henry W. Moore, personally known to me to be the same person whose name is subscribed to the foregoing deed, as having executed the same, appeared before me this day in person, and acknowledged that he signed, sealed and delivered the same, as his free and voluntary act and deed, for the uses and purposes therein set forth.

And the said Sarah A. Moore, personally known to me to be the wife of the said Henry W. Moore, and as the person who subscribed said deed as such, having been by me made acquainted with the contents and meaning of said instrument of writing, and examined separate and apart from her husband, acknowledged that she had executed the same, and relinquished her dower, and all rights whatever, whether of dower or otherwise, in and to the lands and tenements therein mentioned, voluntarily, freely, and without compulsion of her said husband, and that she does not wish to retract.

Given under my hand and seal, at Lynnville, this 7th day of July, A. D. 1858.

WM. F. PERRY,
*Justice of the Peace.*

Plaintiff then offered in evidence a deed from said trustee, John G. Penfield, to the plaintiff, dated January 25, 1859, which deed sets out, that Henry W. Moore, and Sarah A. Moore, his wife, executed to said trustee the deed above set forth, as read in evidence, and then as follows: (reciting a sale under the trust deed.)

The defendant objected to the introduction in evidence of said last mentioned deed. The court overruled the objection, and the defendant excepted.

It was in proof that Moore left the country in the winter of 1858, or the spring following, leaving his wife and children on the place, and a man who did the work and managed the farm—the family keeping possession of the premises.

Counsel for defendant stated that he claimed, as a home-

stead for defendant, the premises sought to be recovered in ejectment.

The court gave the following instructions for plaintiff:

That the deeds offered in evidence, and admitted on the part of the plaintiff, are *prima facie* evidence of title in the plaintiff, and if the jury find, from the evidence, that the defendant was in possession of the premises in question, at the time of the commencement of this suit, the plaintiff is entitled to recover.

That if the jury believe, from the evidence, that the wife of the defendant was in the possession of the premises at the time of the commencement of this suit, residing upon the same in the absence of the defendant, and that she was so left in possession by him with his family, such possession of the wife is evidence of possession by the defendant, if said premises were at said time his home.

If the jury believe, from the evidence, that the defendant, with his family, resided upon the premises in controversy in 1858, and that the defendant left his family residing thereon, and that they continued to reside there until the commencement of this suit, and that the witness, Wiley, was there as his or their employee to work the place, and not on his own account, then such occupancy of the family would be an occupancy by the defendant.

The defendant then asked the court to give the following instructions, which were refused:

6. That the defendant, if proved to have a wife and children, living as his family on the land in controversy, at the time of the service of the declaration in this cause, is entitled to have and retain the possession of the same, or so much of the same as does not exceed in value the sum of one thousand dollars, including the residence of the defendant's family; and as to so much thereof as is so held and occupied as a homestead, the jury should find for the defendant, if the jury further believe that defendant, at the time of executing his deed, in evidence in this case, occupied such premises as a homestead and with his family.

7. That where a person, being the head of a family, resid-

ing with the same upon a tract of land, occupying the same as a homestead, conveys the same by trust deed as security for money, then having a wife, and such wife does not by such deed and acknowledgment duly release such homestead, and his rights to the same as provided by statute, and the premises so occupied and claimed as a homestead do not exceed in value one thousand dollars, the grantee in such trust deed, or one claiming under him, cannot maintain ejectment against such grantor while his wife and family so continue to occupy such premises as a homestead, and being in fact their only home and place of residence.

And if all the premises so conveyed exceed in value one thousand dollars, and are susceptible of division without material injury, so as to leave the residence of the grantor with a portion of the same of the value of one thousand dollars, then such grantee can only recover the residue not included in the tract whereon such residence is situate.

To the giving of the said instructions for said plaintiff, and the refusal of the court to give defendant's said 6th and 7th instructions, the defendants excepted.

Motion by defendant for new trial overruled.

The errors assigned, are:

The court erred in overruling the motion to exclude from the consideration of the jury the trust deed from defendant and wife to said Penfield.

The court erred in admitting in evidence to the jury the said deed of said Penfield to the plaintiff.

The court erred in giving to the jury the said 1st, 2nd and 3rd instructions, and each of them, asked by said plaintiff.

The court erred in refusing to give to the jury the 6th and 7th instructions, and each of them, asked by the defendant.

The verdict of said jury was against the law and the evidence, and the court erred in overruling the motion for a new trial.

The court erred in rendering the judgment aforesaid in manner and form aforesaid.

GLOVER, COOK & CAMPBELL, for Appellant.

J. M. WIGHT, for Appellee.

CATON, C. J. This trust deed was not acknowledged as required by the statute, in order to release the homestead. Consequently, if it still continued to be the homestead of the family, it remained unaffected by that deed, even if the deed could take effect after that, which is a point we do not now decide. The only question, therefore, is, whether the desertion by the husband, leaving his family still occupying the homestead, was an abandonment of it as a homestead. To this there can be but one answer, which is in the negative. This place still continued the home and residence of the husband, as well as his family, at least, until it is proved that he had acquired a home and a settlement elsewhere, and this the law can never assume he has done. The presumption is, that he continues a wanderer, without a home, until he returns to his duty and his family.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*