## MARY WHITE
### v.
## MICHAEL B. CLARK et al.

1. HOMESTEAD — *release by the wife.* Under the act of 1857, amendatory of the homestead law, it is necessary, to bar the right, that the wife should join in the release.

2. SAME — *occupancy by wife — abandonment by husband.* A homestead occupied by husband and wife at the time the husband conveyed it, the wife not joining in the conveyance, may be claimed by the wife, although abandoned by the husband, unless he has acquired a new residence.

3. SAME — *ejectment to recover homestead — proofs.* A plaintiff seeking to recover the homestead in ejectment, under a sale on execution, when rightfully occupied by defendant, must, to recover, show that the debt for which the judgment was recovered, originated before the passage of the homestead law; or was for purchase money of the homestead; or for its improvement; or some other exception which takes it out of the protection of the statute.

4. SAME — *rendition of judgment — execution of mortgage.* When it appears that defendant was the head of a family, is a householder, and owned and occupied the lot of ground as a residence at the time the judgment was rendered, or a deed or mortgage was made, and the right to claim the benefit of the statute has not been released, the defendant is, *prima facie,* under the protection of the statute, and the plaintiff in ejectment, to recover, must show that the case alls within some one of the exceptions which rendered the homestead liable to sale.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. C. L. HIGBEE, Judge, presiding.

This was an action of ejectment brought by Michael B. Clark and Martin I. Clark against Mary White, in the McDonough Circuit Court, for the recovery of the possession, amongst other property, of a tract of land containing three acres and a fraction, situated in McDonough county. Mary White claims the property as a homestead, upon which the question is presented for decision in this case.

The plaintiffs below showed in evidence a deed for the property in question from Charles Bunnel and his wife to Thomas White, executed 27th of October, 1855, duly recorded. Also a deed for the same premises from Thomas White to Stephen

A. White, executed 1st of October, 1857, and duly recorded. Plaintiffs next proved, by a witness, that Mary White, the defendant in the suit, was the wife of Thomas White, the maker of the deed to Stephen A. White; that defendant was the wife of said Thomas for a long time before and at the time of the making of said conveyance from Thomas to Stephen A. White, and from that time to the bringing of this suit; that defendant, with her said husband, removed on to the said premises; that said premises were enclosed, and was the homestead of said Thomas and wife until the said Thomas White abandoned defendant, his wife, in August, 1860; that defendant had continued to reside upon the premises up to the time of bringing this suit.

Plaintiffs also introduced in evidence a judgment of the Circuit Court of McDonough county, rendered at the October term of said court, A. D. 1857, in favor of Michael B. Clark and Martin I. Clark, against N. B. Worsley, Thomas White, and Stephen A. White, for the sum of $3,984.75, and also an *alias* execution, issued thereon on the 29th of November, 1858, a levy thereon, of the premises in controversy, sale thereof to the plaintiffs, and a deed from the sheriff upon said sale, dated March 25, 1861; and rested their case.

Defendant then proved, by James Welch, that the defendant was his daughter; that she was the wife of said Thomas White; that said White and wife moved on to said premises in the year 1856; that White abandoned defendant in August, 1860, and remained away until December, 1861, when he came back and stayed three or four weeks; that the homestead of the said White and wife, from 1856 to the present time, has been the premises in controversy; and that the premises did not exceed one thousand dollars in value.

The cause was tried below by the court by consent without a jury, and the issues were found for plaintiffs. Defendant entered a motion for a new trial, which was overruled by the court, and a judgment was rendered in favor of the plaintiffs, for the possession of the premises. Defendant brings the case to this court to reverse that judgment, and assigns for error:

1. That the court erred in finding the issue for plaintiffs below; in overruling the motion for a new trial, and in rendering judgment for plaintiffs below.

2. That the issue should have been found for the defendant, and judgment rendered for her.

Messrs. HAY & CULLOM, for the Plaintiff in Error.

1. The evidence clearly showed a homestead right in the defendant (below) in the premises for which judgment was rendered, and the finding and judgment as to that parcel of the premises should have been for the defendant below. *Patterson* v. *Kreig*, 29 Ill. 514; *Smith* v. *Miller*, 31 Ill. 157; *Connor* v. *Nichols*, 31 Ill. 148; *Thornton* v. *Boyden*, 31 Ill. 200; *Pardee* v. *Lindley*, 31 Ill. 174.

2. The deed of Thomas White (the husband) to Stephen A. White, was inoperative to pass this homestead right, and his abandonment of the wife and the premises, she continuing to reside there, could not affect her rights. All the homestead cases reported are to this effect, and they are so familiar that it is unnecessary to cite them. *Moore* v. *Dunning*, 29 Ill. 130.

Mr. JOHN S. BAILEY, for the Defendants in Error.

The homestead law, among other things, requires the cause of action to have accrued prior to the 4th of July, A. D. 1851. Scates, Treat & Blackwell's Statutes, p. 576.

In this case there is no evidence when the cause of action accrued.

In *Stevenson* v. *Marony*, 29 Ill. 533, it is decided by this court that the facts stated in the first section of the homestead law should be proved before a party is entitled to avail himself of the provisions of the statute.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The evidence shows, that the premises in controversy were conveyed to Thomas White, the husband of plaintiff in error, in the year 1855, and that he conveyed the same to Stephen A. White in October, 1857. But plaintiff in error did not join in the deed or in any manner relinquish her right to claim the benefit of the homestead act. She continued to occupy the premises until the commencement of the suit, and until the trial in the court below. It further appears, that N. B. Worsley, Thomas White, and Stephen A. White, confessed a judgment at the October term, 1857, of the McDonough Circuit Court, in favor of defendants in error; that they sued out execution; had the property levied upon and sold, when they became the purchasers; and it not having been redeemed, they obtained a sheriff's deed, upon which this recovery was had in the Circuit Court. It also appears, that the premises were enclosed and occupied by Thomas White and plaintiff in error as their homestead at and previous to the time of the conveyance to Stephen A. White. That Thomas White abandoned plaintiff in error in August, 1860, and continued absent until in December, 1861, when he returned and lived with her for a short time, and again abandoned her. That she has never abandoned the place, but has continued to reside thereon. That the premises do not exceed one thousand dollars in value.

Under the amendatory act of 1857, it is necessary that the wife should join with the husband to relinquish the right to claim the homestead. Until she joins in the release her homestead rights are not affected. It appears from the evidence that this was a homestead occupied by husband and wife when he conveyed to Stephen A. White, and continued to be for nearly three years afterward, before he abandoned plaintiff in error, she still continuing to occupy it as such. Notwithstanding Thomas White has abandoned plaintiff in error, it does not appear that he has acquired another home, or that he does not

regard this as his residence, and it is occupied and claimed by the wife as the homestead of the family. It was said in the case of *Moore* v. *Dunning*, 29 Ill. 130, that the desertion of the family by the husband, still leaving his family occupying the homestead, is not an abandonment of the homestead. So in this case, White left his wife in possession of the homestead, and it remained such, unaffected by his desertion.

It being a homestead and having been sold under execution, we are now asked to presume that the debt for which it was sold accrued before the passage of the act, or that it was created for the purchase or improvement of the premises. In the case of *Stevenson* v. *Marony*, 29 Ill. 532, it was held, that when the defendant was in possession of premises as a homestead, and was within the provisions of the statute in other respects, it devolved upon the plaintiff to show that his debt was created for the purchase or the improvement of the homestead, before he could subject it to sale in satisfaction of his judgment. And it was for the reason that the averment is an affirmative fact, more easily proved than the negative of the proposition. The same reason applies to the averment that the debt accrued before the adoption of the law of 1851. And this fact, like the others, should be proved by the plaintiff, and failing to do so, it will be presumed not to be true.

When the defendant shows that he was the head of a family, is a householder, and owned and occupied the lot of ground as a residence, when the judgment was rendered or the deed or mortgage was given, and the right to claim the benefit of the act has not been released, he has brought himself *prima facie* within the provisions of the law. And to overcome his *prima facie* case the plaintiff must show that it falls within some of the exceptions which renders it liable. In this case defendants in error failed to make any such proof, and have for this reason failed to make out their case. The court below therefore erred in rendering judgment in favor of defendants in error, and it must be reversed and the cause remanded.

*Judgment reversed.*