## Matthew McClurken

### v.

## Eloise P. McClurken.

1.  Homestead—*to what character of estate it will attach.* A claim of homestead under mere naked possession, without any ownership in the land as a basis for such claim, cannot be set up to defeat a recovery in ejectment, under a paramount legal title.

2.  Dower.   Nor can a right of dower attach under such circumstances.

3.  Estoppel.   Where it appears that the plaintiff, in an action of ejectment, acted in the capacity of an administrator of an estate occupied by the decedent at the time of his death, and applied to the court for an order to sell lands to pay debts of the decedent, and in his application stated that deceased had some interest in the premises at the time of his decease, but that he was uninformed as to the exact kind and nature of such interest, such statement will not operate to estop the plaintiff from asserting his right to the premises under a paramount title, in an action of ejectment to recover the possession.

Appeal from the Circuit Court of Randolph county ; the Hon. Silas L. Bryan, Judge, presiding.

This was an action of ejectment, brought by Matthew McClurken against the widow and heirs of Thomas McClurken, deceased, in which there was a judgment against the plaintiff, who brings the cause here by appeal.

Mr. John Michan, for the appellant.

Mr. Thomas G. Allen, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

The plaintiff below, on the trial, introduced a patent from the general government to James McClurken, dated the 22d day of June, 1824, for a tract of land embracing the premises

in controversy; also a judgment of the Circuit Court, rendered in April, 1846, an execution issued thereon, a levy, certificate of purchase and assignment to appellant; a deed from the patentee to James L. McClurken and Henry Gardner, dated May 11, 1846; a deed from James L. McClurken, dated the 25th of May, 1854, to appellant; a deed from Henry Gardner, dated in October, 1858, to appellant.

He also introduced a mortgage by James L. McClurken to Henry Gardner, Sen'r., dated April 2, 1851, and assigned to Henry Gardner, Jr.; a decree of foreclosure by the assignee, and a sale by the master, and a certificate of purchase to him, and assigned to appellant; also a decree approving the sale. Next, a petition by the administrator of Thomas McClurken, deceased, filed in November, 1862; an order of sale by the County Court of the interest of deceased in the premises; resignation of Matthew McClurken as administrator of Thomas McClurken, and the appointment of James H. Watt as administrator *de bonis non*, and a deed from him to appellant for the premises, reciting a sale under the order of the County Court.

Appellee admitted possession of the premises, but claimed the right to hold it under the homestead law, and as having dower in the premises. Appellee proved that Thomas McClurken was in possession prior to 1860, and that witness, as a brick mason, worked upon a house for deceased; that it was his residence at the time of his death, and appellee, as his widow, resided on it at that time; that deceased paid witness for the labor he performed.

Pyles testified that he worked as a carpenter on the house, and received a part of his pay and the note of deceased, which his administrator paid after his death. Harmer testified that he was acquainted with the property, and that it was the homestead of deceased and of appellee, his widow. Also, introduced an inventory of the real estate, including the property in controversy.

Appellant then proved the payment of the taxes on the premises from 1860 to 1865, inclusive. Also, that he had paid a considerable sum on indebtedness of Thomas McClurken, deceased, but after his death. That deceased, some time in 1860, stated that he was building on the property of his brother, in order to secure him debts which he owed appellant, and that the building was then in progress.

It appears that appellant, as administrator, in his petition for leave to sell lands to pay debts of deceased, stated that deceased had some interest in the premises at the time of his decease, but that he was uninformed as to the exact kind or nature of such interest; and from the order of the County Court licensing the sale, it appears that the sale was ordered to be subject to appellee's homestead and dower in the premises.

Appellant has shown a legal title, such as authorizes a recovery, unless a defense has been shown. He has traced title from the government to himself, for the premises in controversy, and it remains to determine whether appellee has shown herself entitled to hold the premises as a homestead or as dower in the lands and real estate of which her husband was seized during coverture. If she has established either right, they being statutory interests or titles, they may be interposed by the widow to defeat a recovery in ejectment.

Has appellee then shown herself entitled to the provisions of the statute exempting the homestead from forced sale under a judgment or decree? To avail of the provisions of the statute there must be a concurrence of a number of circumstances. The lot of ground must be occupied as a residence; it must be owned by the debtor; he must be a householder, have a family, and the debt must have been created after the fourth of July, 1851, and the indebtedness must not have been incurred as the purchase money for the homestead or for its improvement, and it must not have been released in the manner prescribed by the statute. These are a part of the

42—46TH ILL.

conditions necessary to render the statute operative to protect the debtor during his life, or his widow and family after his death. In this case, Thomas McClurken was the head of a family, resided with them upon the premises prior to and at the time of his death; and, so far as we can see from this record, he was entitled to all of the benefits of the act during his life, and his wife and family afterward, if he was the owner of the premises within the meaning of the statute. The law declares that the lot of ground and buildings thereon must be owned by the debtor.

What constitutes an ownership, within the meaning of the statute, as between a judgment creditor and debtor, or a vendor and vendee, it does not become necessary to determine in this case. Here appellant establishes the ownership of the premises in fee, deduced from the general government, and this too, independent of his purchase at the administrator's sale. It is true, he read in evidence the deed from the administrator, but we do not see how that could affect his paramount title. Had he relied alone on his purchase from the administrator, then a very different question would have been presented. He sought a recovery, and has shown that he was entitled to it under his paramount title. Owning the land in fee, how can it be said, that because he purchased from the administrator of one, who, so far as we can see, only had a naked possession, he thereby lost or defeated his paramount title, or deprived himself of the right to recover—or, because it is shown that the husband of appellee was simply in possession of the premises at the time of his death, and appellant, when the same are sold to pay debts, became the purchaser, that he thereby lost or impaired the right to render his paramount title availing? A claim of homestead under a mere naked possession, cannot be set up to defeat a recovery under a paramount legal title.

Had it appeared that the husband of appellee held, during his life and at the time of his death, a term of years, or other estate which did not expire with his death, and it was subsisting

at the time of the trial, which had been carved out of the fee simple, then appellee would no doubt have been in a position to claim the benefits of the statute. But this record discloses no such title in deceased at the time of his death, and no reason is seen why appellant may not assert successfully his paramount title against appellee, who, so far as we can see, only holds a naked possession. That her husband was occupying by permission of appellant, seems to be true, and one witness testified that deceased said to him, that he was improving the property to secure appellant for money he owed him. What the full arrangement was, we are unable to see, or even conjecture, from the record, but there is not enough to establish a bar to appellant's recovery.

It is urged with much apparent earnestness, that appellant is estopped from denying that deceased had an estate or ownership in the premises, such as entitles appellee to claim the premises as a homestead; that he admitted such an ownership. When he, in his petition to sell real estate to pay debts of the deceased, stated that the latter had some interest in this property, but was uninformed as to its nature or extent,—if this could operate as an estoppel, it could not be held to be broader than the terms of the admission. He does not state that it was such an estate as would entitle him, if living, or his widow after his death, to the protection of the statute. Nor does the language imply that he admitted the existence of such an estate or interest. If deceased held the property under an agreement that he might occupy the premises until he was paid for his expenditures on the property, by the rents or otherwise, that would be an interest in the premises, which would entitle his estate to pay for the improvements, but yet would not constitute deceased the owner, within the meaning of the statute, as against the fee held by appellant.

It is also insisted that the recitals of the county court in the decree ordering the sale of the property concludes appellant. That court does not possess jurisdiction to determine the

question of dower, or of the right to homestead exemption. Its jurisdiction is limited, and the power to adjudicate and determine those questions, is not found within its grant of jurisdiction. Any decree it may have rendered, where jurisdiction is wanting, would bind no one in any proceeding. Hence, had this court found that the widow was entitled to dower and a homestead exemption in the premises, it would have been nugatory. But the court does not in fact, find that she is entitled to such rights, but simply orders the property to be sold subject to her right of dower and homestead. As we understand this language, it only directs the sale subject to any such rights held by the widow, whatever they might be. This was the effect of the decree and nothing more. Appellant, then, purchasing under that decree, took the property subject to her rights if she had any, and if she had none, then free from her claim. Then, having made no admission of such a right, in the inventory, petition or other portion of the record, we fail to perceive that he is either estopped or concluded from contesting these rights.

Has appellee shown that she is entitled to hold the premises as dower in her husband's real estate? Our statute has endowed widows of a third part of all the lands whereof their husbands were seized of an estate of inheritance, during coverture, unless they shall have relinquished it in legal form. Under this statute it has been repeatedly held that if the husband was seized of an estate of inheritance, either in law or equity, the right of dower attached, and may be enforced by the widow. But in this case it fails to appear that the husband of appellee was seized of such an estate during the marriage. The admission of appellant, that he had some interest in the property, does not show an inheritable estate either in law or equity. Nor does the fact that the husband of appellee was in possession, prove, as against the owner of the fee, not claiming as heir, but as a stranger, that he held an inheritable estate in the premises. The admission

may have related to a term of years, or some other interest less than an inheritance, and we cannot presume that it was a greater estate.    Appellant having shown that he was the owner of the fee, it devolved upon the appellee to rebut the presumption that he was entitled to the possession, by showing an outstanding superior title, or that under the homestead law, or the dower act, she was entitled to the occupancy of the premises. . In this she has failed, and for that reason the judgment must be reversed, and the cause remanded.

*Judgment reversed.*

BREESE, CH. J., being related to one of the parties, took no part in this decision.