## James E. Conklin *et al.*

*v.*

## John H. Foster.

1. Homestead—*title—lease.* The benefits of the homestead law are not confined to an ownership in fee, but attach to the house and lot to which the debtor has such a term as may be sold on execution. The object of the statute, is to protect the owner and his family in a home, free from sale under judgment or decree; and a tenant for years is as clearly within the reason of the statute, as the owner of a larger estate. The statute was designed to protect estates liable to sale on execution or decree, and a term for years is such an estate. The owner of a term for years, is an owner to that extent.

2. Same—*attachment—execution.* A tenant for years, owning a house on the premises, and occupying it with his family, has a right to hold it free from levy and sale under an attachment or execution, and a purchaser, at such a sale, acquires no title thereby.

3. Same—*sale of by debtor.* The owner of a homestead, although a judgment debtor, may sell and convey his homestead, and the purchaser will take the title free from any lien of the judgment, as property thus situated is not liable to levy and sale, and no lien of a judgment attaches to it.

4. Same—*sale to a junior judgment creditor.* Where the judgment debtor, owning and occupying a homestead, sells the property to a junior judgment creditor, the purchaser takes the title free from the lien or claim by sale under execution by a senior judgment creditor. A sale of such property under an execution being inoperative, the purchaser thereat takes no title.

5. LEASE—*improvements thereon.* A house erected upon ground held under a lease, is annexed to and forms a part of the leasehold estate. The house is not, of itself, a separate chattel, but it, with the lease on the ground, forms a chattel real; and not being naturally divisible, it is not regular for the officer to sever the house from the term to which it is annexed.

6. IMPROVEMENTS—*severance from the fee.* A sheriff has no power to levy on and sell houses, timber or ornamental trees, and sever them from the fee.

7. EQUITY—*cloud on title.* Although a sale of the house, situated on leased ground, owned and occupied as a homestead, under an execution, confers no title, still it being a cloud on the title, equity will take jurisdiction to remove the cloud, especially when the purchaser under the execution, is in possession, and threatens to remove the house, and thus commit waste.

8. SAME—*rents.* The court, having acquired jurisdiction for other purposes, will proceed to do complete justice, and, in such case, give rents against the purchaser under the execution, for the time the property was occupied by him.

APPEAL from the Superior Court of Chicago.

The opinion states the facts of the case.

Mr. GEORGE SCOVILLE, for the appellants.

Mr. PERKINS BASS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed in the Superior Court of Chicago, by appellee against appellants. The purpose of the bill was, to enjoin appellants from removing, selling or disposing of a house, therein described, and from letting any person into possession; that the house be decreed to appellee; that appellants surrender the possession to him, and that they be decreed to pay him a reasonable rent, as a compensation for the use of the same.

It appears, from the bill, answer and proofs, that, on the 10th day of March, 1868, appellee was the owner, in fee, of a lot of land in Chicago, and about that time, leased it to one John

106          CONKLIN *et al. v.* FOSTER.          [Sept. T.,

Opinion of the Court.

H. Spencely, for the term of five years, which would have expired on the 10th of March, 1873 ; that Spencely entered into possession, and erected on the lot a frame house. It appears that he, with his family, remained in the occupancy of the house, until the 28th of April, 1869 ; that Spencely, with his wife and child, resided in and occupied the house, as a homestead ; that, on the 1st day of September, 1868, while Spencely and his family were thus occupying the house and lot, appellants commenced a suit at law against him and another person, and caused an attachment to issue against Spencely's property, and levied the same on the house, but Spencely did not surrender possession to the sheriff, but continued to occupy it as a home for himself and family. That Spencely, on the 25th of September, 1868, still occupying the house, with his family, sold and assigned his interest in the lease to the Chicago and Lyons Stone and Lime Company, for the consideration of $1,280, and the company then became the tenant of and attorned to appellee, and Spencely thereby became the under tenant of the company.

It also appears that on the 28th day of April, 1869, the company sold the house and appurtenances, and surrendered the term to appellee, for the consideration of $875 ; that Spencely still continued to occupy the house as his homestead ; that on the 29th day of April, 1869, the possession of the lot and house was surrendered to appellee, and he entered into the sole and peaceable possession of the same, and so continued until the 6th of the following May, when he leased it to one Thatcher for one year, and he entered into possession.

About the 18th of July, 1869, the sheriff levied an execution, issued on a judgment rendered in the attachment suit, on the house, and Thatcher thereupon left the house, and the sheriff sold it under the execution and levy, to appellants for the sum of $400, and delivered them the possession which they had continued. And appellants had offered to pay a reasonable ground rent, and had said that if appellee refused to accede to reasonable terms they would be compelled to remove the

house. It was stipulated that all matters and things alleged in the bill, not specifically denied by the answer, should be taken as true, and it is under this stipulation that a portion of these facts are stated as appearing in the case. On a hearing, the court below granted the relief sought by the bill, and decreed to appellee $282, for rent of the premises while occupied by appellants. To reverse this decree, the record is brought to this court by appeal, and errors are assigned.

Was the house liable to sale on the execution, or was it protected under the homestead law?

In *Deere* v. *Chapman*, 25 Ill. 610, it was held, that the benefits of the homestead law were not confined to an ownership in .fee, but attached to the house and lot upon which it was situated, if the debtor had such a term as could be sold on execution. The object of the statute was to protect the owner and his family in a home, free from sale under a judgment or a decree, and a tenant for years falls as clearly within the reason of the statute as the owner of a larger estate. It was designed to embrace all estates liable to such sales, and a term of years being subject to a forced sale, under a judgment or decree, should be protected by the statute. *McClurken* v. *McClurken*, 46 Ill. 327. A debtor holding a term of years, is the owner to that extent. It, then, follows that this house and lot were not subject to the attachment, or levy and sale under the execution, and the purchaser acquired no title to it. It has been repeatedly held that such a purchaser could acquire no title. *White* v. *Clark*, 36 Ill. 285 ; *Moore* v. *Titman*, 33 Ill. 358; *Booker* v. *Anderson*, 35 Ill. 66 ; *Mooers* v. *Dixon*, 35 Ill. 208; *Silsbe* v. *Lucas*, 36 Ill. 462. And the claim may be set up after a sale under judgment or decree, unless released as provided by the statute.

In the case of *Green* v. *Marks*, 25 Ill. 221, it was held, that a judgment debtor might sell and convey his homestead, and the purchaser would take the property free from any lien of the judgment ; that property thus situated was not liable to levy and sale on execution and no lien attached to it. Again,

in *Bliss* v. *Clark*, 39 Ill. 590, it was held, that a sale of the homestead by a debtor to a junior judgment creditor, with a surrender of possession to the purchaser, would hold against a sale on an execution in favor of a prior judgment creditor, who recovered his judgment and made his sale while the premises were occupied by the debtor and his family as a homestead.

The sale under the execution being inoperative, the purchaser took nothing, and the judgment debtor was not estopped from selling his lease to whomsoever might purchase, and conferring on him such title as he had, unaffected by the sale on execution. It follows, that the Chicago & Lyons Lime and Stone Company became the owners of the lease and the house ; appellee succeeded to their rights by his purchase from them, and appellants have no claim to the premises, so far as this record discloses.

Again, the house was annexed to and formed a part of the leasehold estate. It was not, of itself, a chattel, but, it with the lease of the lot, formed a chattel real. Being part and parcel of the same thing, and not naturally divisible, it was irregular for the officer to levy on the house, without also levying on the lease. Unexplained, it will be presumed to be unauthorized. We are aware of no case, or any principle, which holds that houses may be severed from the fee, the freehold or other estate, by an officer acting under an execution. It could not be, that growing timber, fruit or ornamental trees, could be severed from the fee, by a levy and sale on an execution against the owner of the fee.

Although the sale under the execution conferred no title, still it operated as a cloud on appellee's title, and appellants being in possession and threatening to remove the house, which would have been waste, we think the court had jurisdiction to restrain the assertion of their claim and to prevent the threatened waste ; and as the court had acquired jurisdiction for other purposes, it was proper to proceed to do complete justice, by allowing a reasonable sum for the use and occupancy of the house

and lot. The sum thus found by the court, was not unreasonable. Perceiving no error in this record, the decree of the court below is affirmed.

*Decree affirmed.*