## Case No. 11,370.

### In re PRATT.

[1 Flip. 353;[1] 1 Cent. Law J. 290.]

District Court, W. D. Michigan.　Feb. 4, 1874.

HOMESTEAD EXEMPTION—ABSCONDING BANKRUPT.

.By the Michigan statute, "when a homestead is owned and occupied by any resident of this state," the same is protected against the assignee in bankruptcy of the husband, though he be absconding, if his family still reside thereon. This is so, unless the proof be clear that he has fixed his domicil in another state.

[Cited in McFarland v. Goodman, Case No. 8,789.]

[In the matter of Charles C. Pratt, a bankrupt.]

Joslin & Kennedy, for petitioner.
Norris, Blair & Kingsley, for assignee.

WITHEY, District Judge. Pratt, the bankrupt, absconded, and was subsequently proceeded against by petition of a creditor, and adjudged a bankrupt. The wife of Pratt presents a petition to have the homestead, which, by the laws of Michigan, is exempt "when owned and occupied by any resident of this state," set off to the bankrupt or his family. The assignee, assuming that the wife and children are not entitled to the exemption, has put a person in possession of a part of the homestead, threatens to deprive them of their home, and refuses to set off the premises as exempt.

An order to show cause has been served on the assignee, and the only cause shown is the homestead exemption statute of Michigan. The laws of Michigan declare that a homestead consisting of any quantity of land not exceeding forty acres, and the dwelling house thereon and its appurtenances, to be selected by the owner, and not included in any recorded town plat or village; or instead thereof, at the option of the owner, a quantity of land not exceeding one lot, being within in a recorded town plat or city or village, and the dwelling-house thereon and its appurtenances, owned and occupied by any resident of this state, not exceeding in value $1,-500, shall not be subject to forced sale on execution, etc. Such homestead is exempt also during the time it shall be occupied by the widow, or minor child or children of any deceased person who was, when living, entitled to the benefit of the act. Every alienation of such land by the owner, if a married man, is declared invalid, unless the wife joins in the conveyance.

The homestead in question was owned by Pratt and occupied by his family up to the time he absconded, and his wife and children have continued to occupy it since. The value of the premises is $2,000, on which there is a mortgage-lien amounting to something over $700. I have, in another case—In re Leavitt [Case No. 8,168]—held that when the owner's interest does not exceed $1,-500 in the homestead it is exempt, subject to any encumbrance there may exist upon it. When the premises do not exceed in quantity the exemption, no selection is required by the statute to be made. Ownership and occupancy in such case are sufficient; the exemption attaches as a right unless waiver is affirmatively shown by operation of the statute. Such is, in substance, the ruling of the supreme court of the state, Beecher v. Baldy, 7 Mich. 488. See pages 503, 508.

The object of the statute was as much to protect the wife and children as the husband. This is seen in the protection to the wife against alienation by the husband without her signing the conveyance, and in case of his death, the provision for the widow and children. This view is uniformly held by the courts.

There is nothing shown as to the intention of Pratt in reference to returning or not returning, nor do I think that fact at all controlling, but certainly nothing will be presumed in favor of a fixed intention not to return. He left his family in the occupancy of his home, and they have continued there. He may return. His residence is where his family reside, and where he and they have resided for years. He is the owner, and while his family occupy he may be truly said to occupy the premises. He is a resident of Michigan until he is shown to have gained a residence elsewhere; and while his family reside in Michigan, his residence continues until the contrary is clearly established.

While the family remain in the state occupying the premises as a home, the exemption is secured by the statute, inasmuch as it continues to be owned and occupied by Pratt while his family reside on it; their occupancy is his occupancy. His claim of a homestead exemption will be presumed in the absence of a distinct disclaimer, or some act amounting to that. Shepherd v. Cassiday, 20 Tex. 24; Gouhenant v. Cockrell, Id. 96; Mills v. Van Boskirk, 32 Tex. 360; Locke v. Rowell, 47 N. H. 46.

The last case (47 N. H. 46) holds that where the wife and family continue to occupy, any presumption of intention to abandon from absence of the husband is rebutted. Other cases consulted, and aiding to illustrate and enforce the views expressed, are White v. Clark, 36 Ill. 285; Titman v. Moore, 43 Ill. 169; Bonnell v. Smith, 53 Ill. 375; Booker v. Anderson, 35 Ill. 66; Pardee v. Lindley, 31 Ill. 174; Moore v. Dunning, 29 Ill. 130; Cox v. Wilder [Case No. 3,308]; Bartholomew v. West [Id. 1,071]; Taylor v. Hargous, 4 Cal 268; Vogler v. Montgomery [54 Mo. 577].

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

Should Pratt return, I think there can be no doubt he could recover the property from any one holding through the bankruptcy proceedings; and if so, the assignee has no power to sell or convey the property. My opinion is, that the property is exempt as a homestead, subject to the mortgage encumbrance of over $700.

Let an order be entered directing the assignee to set off the premises in question as exempt to the bankrupt, and that he yield possession of any part of the premises he now occupies, directly or indirectly, to the bankrupt or his family, and that he report to the court within twenty days his action in the premises under this order.

Ordered accordingly.