# EDWARD McFADDEN
## *v.*
# EDWARD L. WORTHINGTON.

1. JUDGMENT *for costs — a lien upon real estate.* Under section 1 of chapter 54 of the Revised Statutes, a judgment for costs is a lien upon the real estate of the party against whom such judgment is rendered, from the last day of the term of the court in which it was entered.

2. CREDITORS — *who deemed to be.* A creditor, within the meaning of section 23 of chapter 24 of the conveyance act, is one, who, without actual or constructive notice of a prior conveyance or incumbrance, institutes such proceedings and takes such steps as effect a lien on the land before the recording of such conveyance or incumbrance, whether the debt be prior or subsequent to them, and whether the vendor, at the time of conveying or incumbering, had other property sufficient to pay the debt or not.

3. SAME. And a plaintiff in a judgment for costs, is a creditor within the meaning of this section of the recording act.

4. Subsequent purchaser — *under execution, without notice of a prior con veyance.* A purchaser of land at an execution sale is protected in his title against a prior unrecorded deed of which he had no notice.

5. In such case, the court cannot go behind the judgment to ascertain the subject matter of the controversy; it is sufficient that the defendant is enabled to show a valid judgment, under which the property was sold, it being the settled rule of this State, that judgment creditors are within the protection of the 23d section of the conveyance act, and stand as purchasers, and are to be regarded as such.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

The opinion states the case.

Mr. J. McCoy, for the plaintiff in error.

Mr. F. SACKETT, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The object of the bill filed in this cause was to quiet complainant's title to certain lots in Morrison, in Whiteside county, or rather to remove a cloud upon it, caused by a deed executed to the defendant, Higby.

The court dismissed the bill at complainant's costs, and he brings the record here by writ of error, assigning this as error, and makes this single point:

"No judgment is a lien on real estate embraced in an unrecorded deed, previously conveyed by a judgment debtor, in actions of case, trespass, trover, replevin, detinue and ejectment, or for costs growing out of the trial of property levied on by execution. The protection given by the above recited recording acts being only in favor of purchasers without notice and creditors, and in this case no lien attached against the property in question, which had been sold and conveyed prior to the rendition of the judgment; for the reason that Phelps and Phelps were not creditors of Caswell before or at the time

of the rendition of said judgment, within the meaning of the term ' creditor '."

The question is, were the plaintiffs in the execution under which the lots were sold, creditors, within the meaning of our statutes, chapter 54, section 1, and chapter 24, section 23.

The first statute provides, that all and singular the goods and chattels, lands, tenements and real estate of every person against whom any judgment has been or hereafter shall be obtained in any court of record, either at law or in equity, for any debt, damages, costs, or any other sum of money, shall be liable to be sold upon execution to be issued upon that judgment; and the said judgment shall be a lien on such lands, tenements and real estate from the last day of the term of the court in which the same may be rendered, for the period of seven years. Scates' Comp. 602.

By section 28, chapter 46, it is made the duty of the clerk of the Circuit Court, to set down, at or after every term of its court, in a book kept for that purpose, a fee bill in each cause in which costs shall have been adjudged, etc., and for the purpose of collecting such costs it is made lawful for the clerk, and his duty also, when required by any officer of the court interested in the same, to make out a copy or transcript of such bill of costs and deliver the same to the sheriff or any constable of the county where the person or persons chargeable with the costs shall reside or have property; which fee bill so issued shall have the force and effect of an execution, and be collected in the same manner. Id. 508.

The record shows a judgment in the Circuit Court for costs, against Caswell, on the trial of a right of property, on which this fee bill was issued, and, although the deed from Caswell to McFadden, under which complainant claims title, bears date nearly two months before the rendition of this judgment, it was not in fact filed for record until about ten months after the entry of the judgment.

The conveyance act (ch. 24) by section 23, provides, that all deeds, mortgages and other instruments of writing which are

required to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record. Id. 969.

The act first cited makes a judgment for costs a lien upon the real estate of a defendant from the last day of the term of the court in which the judgment was rendered. It cannot, then, be denied, that the judgment against Caswell was a lien upon these lots from that day, and to say the plaintiffs in the judgment and execution were not creditors, within the meaning of the 23d section of the recording act, is saying that which is not warranted by the case cited by the plaintiff in error. *Martin* v. *Dryden*, 1 Gilm. 188. It is held, in that case, that a creditor, within the meaning of section 23, is one who, without actual or constructive notice of a prior conveyance or incumbrance, institutes such proceedings or takes such steps as effect a lien on the land, before the recording of such conveyance or incumbrance, whether the debt be prior or subsequent to them, and whether the vendor, at the time of conveying or incumbering, had other property sufficient to pay the debt or not.

In contemplation of law, a plaintiff pays his costs as the services are rendered in the progress of the cause, and if he recovers in the action, a judgment passes for the costs. No question is made about the regularity in issuing the fee bills or their legality; it is therefore impossible to hold, that the plaintiffs in the fee bill, which has the force of an execution, had not instituted proceedings and taken such steps as effected a lien upon these lots. They were, at the date of the judgment, so far as could be ascertained from the record, the property of the defendant in the execution, and Worthington, purchasing them without any notice of a prior unrecorded deed, acquired the title. We cannot conceive of a definition of the term " creditor " which would exclude the plaintiff in an execution issued on a judgment in his favor.

It is wholly immaterial out of what the controversy arose.

We cannot go behind the judgment to ascertain that; it is sufficient that defendant is enabled to show a valid judgment under which the lots were sold, and it is the settled rule of this State, that judgment creditors are within the protection of the twenty-third section of the conveyance act, and stand as purchasers, and are to be regarded as such.

Endless frauds would be the result, if a party owning land could hold back his deed from record until after a judgment was obtained against him, and then record the deed and convey the land, and his vendee be protected by the conveyance. Such is neither the reason nor policy of the law.

The defendant's title was fully made out, both parties claiming through Caswell, and the court committed no error in dismissing complainant's bill, and the decree must be affirmed.

*Decree affirmed.*