JAMES R. MUNFORD

v.

DANIEL McINTYRE ET AL.

MISTAKE IN MORTGAGE—NOTICE—JUDGMENT CREDITOR.—Where a mistake was made in the description of a mortgage and a second mortgage of the same premises was made to a party with knowledge of mistake, etc., and on that same day two parties, without notice, obtained judgments against owner of premises, and subsequently the second mortgagee obtained a decree of foreclosure on his mortgage, and it was decreed that the liens of the two judgment creditors and the second mortgagee were equal and that the proceeds of the sale should be divided *pro rata*, and the second mortgagee, by an agent, bought in the premises and paid the amount due the judgment creditors, and the first mortgagee, who was not made a party to the suit, filed a bill to foreclose his mortgage. *Held*, that while the first mortgagee is equitably entitled to a decree of foreclosure, the second mortgagee must be paid, out of the proceeds of such sale, the amounts paid the judgment creditors. By obtaining an interest in the judgments he occupied the same position as the judgment creditors.

ERROR to the Circuit Court of Randolph county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 6, 1885.

Mr. A. RUSSELL, for plaintiff in error; cited Columbus Buggy Co. v. Graves, 16 Chicago Legal News, 73; Thomas v. Citizens' Horse Ry. Co., 104 Ill. 462.

As to duty of judgment creditor to make inquiries: Dyer v. Martin, 4 Scam. 147; Brown v. Gaffney, 28 Ill. 150; Doyle v. Teas, 4 Scam. 202; Williams v. Brown, 14 Ill. 201; Davis v. Hopkins, 15 Ill. 519; Prettyman v. Wilkey, 19 Ill. 241; Truesdale v. Ford, 37 Ill. 210; Lumbard v. Abbey, 73 Ill. 178; Whitaker v. Miller, 83 Ill. 386; Strong v. Shea, 83 Ill. 575; 2 Sugden on Vendors, 8 Am. Ed. 343, § 24; Daniel v. Davidson, 16 Vesey, 1 Am. Ed. 249.

Mr. H. CLAY HORNER, for defendants in error; that one who, without notice of outstanding equities, obtains a judgment, is technically an innocent purchaser, and a purchaser

Munford v. McIntyre.

with *notice* at the sale under such judgment comes within the rule that a purchaser with notice from one without notice of an outstanding equity, is protected from such equity, cited Freeman on Judgments, § 366; 2 Pomeroy's Equity, § 724; Massey v. Westcott, 40 Ill. 163; McFadden v. Worthington, 45 Ill. 362; Guiteau v. Wisely, 47 Ill. 435.

CASEY, P. J. The plaintiff in error filed his bill in the Circuit Court of Randolph county to foreclose a mortgage and correct a mistake therein.

The evidence shows that on the 13th of March, 1874, Daniel McIntyre was indebted to Elizabeth Miller in the sum of seven hundred dollars, and on that day McIntyre made and delivered to Elizabeth Miller his promissory note for said sum, due in one year from that date, with interest at the rate of ten per cent. per annum; and that to secure said note McIntyre and his wife made, acknowledged and delivered to Elizabeth Miller a mortgage on the S. W. quarter of the S. E. quarter of Section *thirteen*, T. 4, S., R. 5, W. of the third principal meridian. That in making said mortgage a mistake was made in this: in the mortgage the land is described as in section thirteen, when in fact it was in section twelve. In all other respects the mortgage is correct and complete. This mortgage was duly recorded on the 6th of April, 1874.

The evidence further shows that Mrs. Miller, after the expiration of one year, took possession of the premises intended to be described in the mortgage, and received the rent therefrom for the years 1876, 1877 and 1878, and had possession of said premises until November 1, 1879.

It further appears that on the 20th of March, 1877, the said McIntyre and his wife made and delivered to the defendant, Brice Crawford, a mortgage on the premises intended to be conveyed by mortgage to Elizabeth Miller, to secure the sum of one thousand dollars; and that the said Brice Crawford, at the time of receiving said mortgage, had full and complete notice of the rights of Mrs. Elizabeth Miller, and that a mistake had been made in the description of the premises intended to be conveyed to her by his said mortgage.

It further appears from the evidence that on the same day, to wit, the 20th day of March, 1877, the Broadway Savings Bank of St. Louis, obtained in the Randolph Circuit Court a judgment against the said McIntyre for the sum of $861, and on the same day one Wm. Hetherington obtained a judgment against the said McIntyre for the sum of $1,229.48. There is no evidence to show that either Broadway Savings Bank or Wm. Hetherington knew or had notice of the mortgage of Elizabeth Miller or the mistake therein. Executions were issued upon each of said judgments.

The evidence further shows that in 1879 the said Crawford filed his bill and obtained a decree of foreclosure upon his said mortgage. That in and by said decree it was held that the liens of the said Crawford, The Broadway Savings Bank and Wm. Hetherington were equal, and that the proceeds of the sale of the premises should be divided *pro rata*. That upon a sale of said premises after said foreclosure, the land was purchased by one J. S. Foster for the sum of $1,200. He was acting for Crawford, but he took the certificate in his own name, and after the time of redemption expired, the master in chancery made and delivered to him a deed of said premises, and Foster at once made and delivered a deed of said premises to Crawford. Of the said sum of $1,200, the sum of $329 was payable to the Broadway Savings Bank, and $390 due to the said Wm. Hetherington. These amounts were paid by the said Crawford, or at least such arrangements were made between the parties as made Crawford the owner of that amount of each of the judgments respectively. In all this proceeding neither the said Elizabeth Miller nor the plaintiff in error were in any way made parties, and their interests, whatever they may be, were not in any way affected.

It appears from the testimony that Elizabeth Miller, for a valuable consideration, assigned her note and mortgage to the plaintiff in error, and that he, at the special December term, 1882, of the Randolph Circuit Court, filed his bill to foreclose said mortgage, and that upon the trial of said cause a decree of foreclosure was refused and the bill dismissed.

Munford v. McIntyre.

The case is brought to this court by a writ of error, and the errors assigned are:

1. The court erred in dismissing complainant's bill.

2. The court erred in refusing the relief prayed for in complainant's bill.

3. The court erred in not granting the prayer of complainant's bill.

There is no controversy upon the question as to the notice of Crawford of the equities of Elizabeth Miller and the plaintiff in error. It is equally true that there is no evidence of notice of the rights of the parties as to the judgment creditors. It appearing then that Crawford knew of the mortgage of Mrs. Miller, and the mistake therein, whatever right he obtained by virtue of his mortgage taken three years subsequent to the first mortgage, must be held subject to the first mortgage. So far as his claim is concerned, he holds it the same as if there had been no mistake in the Miller mortgage, and it had been duly recorded.

The purchase by Crawford of an interest in the judgments of the bank and Hetherington against McIntyre would in no respect change the character of the lien created by his mortgage with notice of the prior equities existing because of the Miller mortgage.

The judgments referred to were obtained on the same day that the mortgage of Crawford was recorded, but there was no notice to the judgment creditors of the rights of the Miller mortgage, and a sale upon either or both of these judgments would not have been subject to the Miller mortgage. The lien created by the last mentioned mortgage was not perfect or complete until the mistake was corrected, and no effort to correct the mistake was made until the bill for a foreclosure was filed. The liens created by the judgments were perfected before the lien, created by the mortgage, and they must take priority. Crawford, by obtaining an interest in these judgments, occupied the same position as the judgment creditors themselves, who, as we have seen, had no notice of the mistake in the Miller mortgage. Guiteau v. Wisely, 47 Ill. 434; Massey v. Westcott, 40 Ill. 163; McFadden v. Worthington, 45 Ill. 362.

It is true that the sale was upon the foreclosure of the mortgage held by Crawford, which was not a prior lien as we have shown, because of the notice to the mortgagee; but of the proceeds arising from that sale, the sums alone specified were paid on the judgments referred to, respectively, which were prior liens, and they continued prior liens. The payment of these sums was a satisfaction to that extent of these judgments. While, therefore, we think that the plaintiff in error was equitably entitled to a decree of foreclosure, we are of the opinion that the defendant Crawford must be reimbursed or paid out of the proceeds of the sale on such foreclosure the sums referred to, to wit, $329 on account of the Broadway Savings Bank of St. Louis, and the said sum of $390 on account of the judgment of the said William Hetherington.

For these reasons the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.