ELIZA B. SMITH

*v.*

JOHN WILLARD.

*Opinion filed October 24, 1898.*

1. TRUSTS—*wife's laches may defeat her right to assert resulting trust.*
A wife who neglects, for a period of about seven years, to ascertain
that the deed to property purchased with her money is made in her
husband's name, although the deed is in her own house and easily
accessible during the entire period, cannot assert a resulting trust
to defeat the lien of one who extended credit to the husband on the
faith of his apparent title and without notice of the wife's equity.

2. CONVEYANCES—*deed takes effect from date of record as to judgment
creditor.* A wife who obtains a deed from her husband upon ascer-
taining that he had taken title in his own name though the prop-
erty was bought with her money, but who withholds such deed from
record until after a creditor of the husband has obtained judgment
and levied on the property on the faith of the husband's apparent
title, cannot assert title to defeat such lien.

3. NOTICE—*verbal notice of wife's title after levy by husband's judgment
creditor is not sufficient.* Verbal notice by the wife to a judgment
creditor of the husband that she claims title to the property upon
which he has levied an execution issued on a judgment for a credit
extended to the husband upon the faith of his apparent legal title
to the property, in no way affects such creditor's rights or interest.

4. SAME—*judgment creditor without notice occupies the same position
as an innocent purchaser.* One who has obtained a judgment against
his debtor before the recording of a deed by which the debtor has
transferred his title to a third party, occupies the same position
as a subsequent purchaser without notice, within the meaning of
section 30 of the Conveyance act.

APPEAL from the Circuit Court of Pike county; the
Hon. THOMAS N. MEHAN, Judge, presiding.

This was a bill in chancery filed by Eliza B. Smith,
against John Willard, to set aside a sheriff's deed upon
the south-east quarter of the north-east quarter of sec-
tion 32, township 7, south, range 2, west, in Pike county,
Illinois, bearing date July 19, 1897.

The facts as alleged in the bill and substantially shown
in the testimony upon hearing of the cause were, that

about the year 1888 the complainant inherited some land in Calhoun county from her mother, which land she sold, receiving $2600 in cash. A few months afterwards, in September, 1888, having in mind the purchase of a farm, she and her husband looked at the place of one George Williams, containing one hundred and twenty acres, including the land in controversy. They concluded to buy it, and the complainant paid to the wife of Williams $25 earnest money, taking a receipt therefor in her own name. A short time afterwards she drew $1500 of the money she had received from the sale of her mother's estate and paid it to Williams, that being the consideration for his land. There is some conflict in the evidence as to the circumstances regarding the execution of the deed. Complainant says it was executed a number of days after the money was paid to Williams, and that her husband, on account of her illness, looked after the transaction; that she told him she wanted the deed made to her; that he brought home the deed and placed it in the bureau drawer in the house, telling her it was all right, although no particular conversation seems to have occurred between them at that time as to whether or not he had complied with her instructions in taking the deed to her. The vendor of the land, Williams, testifies he made the trade with the husband, and was told by him the deed should be made to him, the husband of the complainant; that complainant and her husband wanted the deed made to the husband, and after so executing it he went to their house and received payment in checks for the land, and delivered the deed to one of them in the presence of both. His recollection, as stated, is, that the deed was handed to the wife, the complainant. The husband was dissipated, and in after years became somewhat involved in debt, among other indebtedness owing about $300 to the defendant, John Willard, for a threshing outfit. George Williams, who had sold the land above mentioned, was a surety on the note signed by Smith. He testifies he

signed the note believing Smith, the husband of complainant, to be the owner of this one hundred and twenty acres of land, and Willard also believed the same to be true. A number of witnesses, however, old residents and neighbors of the complainant, testified that the land was generally known in the neighborhood as her land, and it is shown that Willard lived only a few miles away, but was apparently not well acquainted in her neighborhood. Complainant states that she did not discover the deed which had been executed by Williams and his wife for the land was made to her husband until the month of May, 1895,—nearly seven years after its execution. During this time it was deposited in the bureau drawer in their house, with other papers. The house contained only two rooms, and complainant had at all times access to the place where the deed and other papers were kept. Her attention was called about this time, by her brother-in-law, to the fact that her husband was involved in debt, and she was asked about the deed to the land, and says she found for the first time, upon examination, that the deed executed seven years before had been made to her husband instead of to her. She requested her husband to execute to her a deed to the land, which he did, bearing date June 6, 1895, which was not recorded, however, until March 30, 1896.

At the November term, 1895, of the circuit court of Pike county, John Willard, the defendant, obtained a judgment against John Smith and George Williams for $341.75. Execution was issued March 5, 1896, and the forty acres of land in controversy were sold April 18, 1896. At the time and place of sale, appellant, through her attorney, gave oral notice to the defendant and others that appellant claimed to own the land in controversy and that the same was purchased with her money. The land was bid in by the defendant, Willard, and his certificate of purchase afterwards ripened into a deed. In August, 1897, this bill was filed by complainant to set

aside the sheriff's deed as a cloud upon her title. Upon
a hearing upon the bill, answer of the defendant deny-
ing the material allegations to the bill, and replications
thereto, the chancellor found that the allegations in the
bill were not sustained by the proof, and that she was
not entitled to the relief asked for, and ordered her bill
to be dismissed for want of equity. A decree to this
effect was so entered, and for the purpose of reversing
that decree this appeal is prosecuted to this court.

A. G. CRAWFORD, for appellant:

If a husband purchase lands with the separate estate
of his wife in his hands, or with the proceeds or accumu-
lations from it, and takes the title in his own name, a
trust results to the wife. 1 Perry on Trusts, (3d ed.) sec.
127; *Lathrop* v. *Gilbert*, 2 Stock. Eq. 344; *Cass* v. *Demorest*,
10 Stew. Eq. 393; *Fillman* v. *Divers*, 31 Pa. St. 429; *Hay* v.
*Martin*, 13 Cent. Rep. 217; *Radcliff* v. *Radford*, 96 Ind. 482.

Where a husband buys property with money of the
wife, with the understanding that it shall be hers, a trust
is created in favor of the wife, and she will be protected
against judgment creditors of the husband. *Lathrop* v.
*Gilbert*, 2 Stock. Eq. 344; *Cass* v. *Demorest*, 10 Stew. Eq. 393.

W. E. WILLIAMS, and W. L. COLEY, for appellee:

When the husband buys land with his wife's money
in his own name, there arises a resulting trust in her
favor, unless a different intention on her part is shown.
14 Am. & Eng. Ency. of Law, 580, 581.

A resulting trust will not be enforced when the nomi-
nal purchaser has occupied and enjoyed the estate for a
long time, and there has been *laches* on the part of the
person claiming to be the *cestui que trust*. 10 Am. & Eng.
Ency. of Law, 34.

The wife is estopped from setting up her title against
a *bona fide* purchaser for value, or creditor with a lien, if
she allows her husband to take the title to her realty in
his own name or allows him to hold himself out as owner

thereof. 14 Am. & Eng. Ency. of Law, 646; *Anderson* v. *Armstead*, 69 Ill. 452.

All deeds which are authorized to be recorded shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice. Starr & Curtis' Stat. chap. 30, sec. 31.

A judgment creditor is a purchaser, within the meaning of the statute. *McFaddin* v. *Worthington*, 45 Ill. 362; *Bergman* v. *Bogda*, 46 Ill. App. 321.

A purchaser for value, without notice, from a trustee of a secret trust, takes the property discharged of the trust. *Robbins* v. *Moore*, 129 Ill. 30.

A *bona fide* purchaser without notice from the vendor who has notice, is protected, both at law and equity, against a secret trust. *Prevo* v. *Walters*, 4 Scam. 35.

Notice to a creditor after he has made his levy will not affect his rights. *Thomas* v. *Burnett*, 128 Ill. 37.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Under the assignment of error in this case it is urged and argued by appellant that the circuit court erred in dismissing her bill, for the reason the evidence offered was sufficient to entitle her to a decree setting aside the deed of the defendant as a cloud upon her title. It is also urged the land in question having been purchased by the husband with money belonging to his wife, a resulting trust was established in her favor.

From the record in this case there can be no question but the money of appellant was used in the purchase of these lands. The rule is well established, if the husband purchase lands with the separate estate of his wife, or with proceeds or accumulations from it, and takes the title in his own name, a trust results to the wife. (1 Perry

on Trusts, (3d ed.) sec. 127; *Lathrop* v. *Gilbert*, 2 Stock. Eq.
344; *Cass* v. *Demorest*, 10 Stew. Eq. 393; *Fillman* v. *Divers*,
31 Pa. St. 429; *Hay* v. *Martin*, (Pa.) 13 Cent. Rep. 217; *Rad-
cliff* v. *Radford*, 96 Ind. 482.)   The whole foundation of a
resulting trust is the ownership and payment of purchase
money by one and the taking of title in the name of an-
other, and the presumption, founded on such transaction,
of the intention of the parties that such trust should re-
sult.   In this case, where the purchase money was that
of the wife and the title taken in the name of the husband,
there is a disputed question of fact as to whether or not
she consented or agreed that the title should be so taken.
She says she had no knowledge of such fact until seven
years after the execution of the deed.   Whether or not
appellant directed her husband to have the deed executed
to her, it is apparent after that time she had ample oppor-
tunity to know, and in justice to third interested persons
she should have known, that her directions were complied
with.   She was a woman possessing the advantages of
a common and boarding school education, and said to be
shrewd in business matters.   The deed in question was
for seven years in a bureau drawer in her house, consist-
ing of two rooms.   To the place where it was deposited
she had free access, and it would appear a woman of her
abilities, having furnished the money for the purchase of
the land, and having been so explicit, as she has stated,
in directing that the deed should be taken in her name,
would at least have manifested enough further interest
in the transaction to have ascertained the fact.

Where a married woman holds out to the world that
her husband is the owner of property in which she has
a resulting trust, or permits him to so act as to induce
others to believe he is the owner of such property or has
power to bind her, third persons acting reasonably on the
strength of such belief, and giving credit to him there-
upon, will be protected.   (*Anderson* v. *Armstead*, 69 Ill. 452;
14 Am. & Eng. Ency. of Law, 646.)   The party who sold

the land to appellant, however, testifies the deed which was executed to the husband was so ordered to be made, and was delivered in the presence of both the husband and the wife at the time the purchase money was paid. The husband afterwards rented the land and collected such rents. Evidence is offered tending to show that the land was considered by people in the neighborhood as belonging to the appellant. Such evidence, however, is of no great value, unless it had the effect of bringing notice to appellee, at the time he extended credit to the husband of appellant, that the husband was not the actual owner of the land.

We do not deem it necessary to discuss the authorities cited by appellant tending to show that she held a resulting trust in this land by reason of having furnished the purchase money, and that her husband simply held the land as trustee for her. Had this been a bill filed by her to establish such resulting trust, and where the rights of third parties had not intervened or attached by reason of any omission or *laches* on her part, the evidence would clearly entitle her to a decree vesting in her the title to this land. The question is now presented, however, whether, after the title to this land has remained in the husband for a period of seven years or more, and by proper diligence appellant might have ascertained that fact, there was a duty imposed upon her to know that her directions as to the execution of the deed were carried out, before she will be permitted to maintain title as against one who has extended credit to the husband on the faith of his apparent title, and secured the lien. The further question is also presented as to whether, after ascertaining the existence of title in her husband and securing from him a deed which would fulfill any trust vested in him, she has, by withholding such deed from record for nearly a year, during which time the rights of her husband's creditors have matured, lost by such act her right to assert title.

At the time of the conveyance by the husband to the wife in fulfillment of this resulting trust it became and was her duty to give such notice as the law requires to all persons that he no longer held any title or interest in these lands.  Section 30 of chapter 30 of the Revised Statutes provides as follows: "All deeds, mortgages and other instruments of writing which are authorized to be recorded shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record."  While appellant's deed was executed in June, 1895, it was not recorded until March, 1896.  Meanwhile the judgment of appellee had been rendered and the lands in question levied upon.  The undisputed evidence of appellee in this case shows that he gave credit to the husband of appellant upon the strength of the fact that he was the owner of the land in question.  The husband, at the time of the execution of the note on which judgment of appellee was based, stated that he was the owner of this land.  There is no attempt on the part of appellant to bring notice to appellee that she held any resulting or other interest in this land, nor is there any evidence which indicates that he had any such knowledge until the day of the sale.  He had a right to rely upon the condition of the title of these lands as shown by the record and upon the representations of the husband that he was the owner, and in the absence of evidence indicating any knowledge of appellant's interest, appellee had the legal right to give credit to the husband under the belief that he was the actual owner.  "The law is well settled that a *bona fide* purchaser of the legal estate will be protected against the prior equitable title of another of which he had no notice." (*Robbins* v. *Moore*, 129 Ill. 30.)  So, also, in the same case it was said, that "although the grantee

174—35

in a deed may hold the legal title in trust for another, a third person may acquire the title from the trustee if he has no notice of the trust and acts in good faith." *Peck* v. *Archart,* 95 Ill. 113; *Emmons* v. *Moore,* 85 id. 304; *McDaid* v. *Call,* 111 id. 298; 2 Pomeroy's Eq. 770; *Bradley* v. *Loose,* 99 Ill. 234.

It is insisted by appellant that because she, through her attorney, gave notice on the day of the sale of this land by the sheriff that she was the owner of it and that it had been purchased with her money, that was sufficient to charge appellee with notice of such fact, and defeat his lien if her claim was well founded. Section 30 above quoted provides that "all deeds * * * shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice." The deed of appellant in this case was not filed until March 30, 1896. The judgment of appellee had been rendered and execution issued before that time. Appellee, being a judgment creditor before the filing of this deed for record, occupied the same position as purchaser, within the meaning of this statute. (*Massey* v. *Westcott,* 40 Ill. 160; *Martin* v. *Dryden,* 1 Gilm. 187; *McFadden* v. *Worthington,* 45 Ill. 362; *Milmine* v. *Burnham,* 76 id. 362; *Columbus Buggy Co.* v. *Graves,* 108 id. 459; *Munford* v. *McIntyre,* 16 Ill. App. 316; *Bergman* v. *Bogda,* 46 id. 351.) The notice, therefore, given or attempted to be given by appellant of her claim or interest in this land after the appellee, by virtue of his judgment and the levy of the execution, occupied the position of purchaser, could in nowise affect or diminish his interest.

A careful consideration of this record and of the reasons presented by counsel for the reversal of this decree furnishes us no ground for disturbing the decree of the circuit court dismissing appellant's bill. The decree of the circuit court of Pike county is therefore affirmed.

<div align="right">

*Decree affirmed.*