Earl v. Earl.

## Henry S. Earl v. Rachael E. Earl et al.

87   491
s186s370

1. INNOCENT GRANTEES—*Who Are Not.*—Those who fail to place their deeds upon record are not innocent grantees as to those whom the grantor has induced to give him credit upon his claimed ownership of the property.

2. DEBTOR AND CREDITOR—*Right to Rely upon the Record.*—Creditors have a right to rely upon the condition of the title as shown by the record, and upon the representations of a party that he is the owner, and in the absence of evidence indicating knowledge of another's title, they have the legal right to give credit to the former under the belief that he is the actual owner.

3. HUSBAND AND WIFE—*Right of Married Woman to Contract with Her Husband.*—Under the laws of this State a married woman has a right to contract with her husband, and the wife has a right to receive

payment of her debt the same as a *feme sole*, and a creditor has a right to pay any debt in full to the exclusion of other claims, even if such creditor is his wife.

4. Negligence—*When One of Two Innocent Parties Must Suffer.*— Where loss must ensue by reason of negligence, the person who is in fault should suffer the loss.

5. Costs—*In Chancery in the Discretion of the Court.*—In chancery suits, costs are in the discretion of the chancellor.

**Bill to Set Aside a Deed.**—Appeal from the Circuit Court of Ford County; the Hon. George W. Patton, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

M. H. Cloud and Kerr & Lindley, attorneys for appellant.

Sample & Morrissey and W. S. Moffett, attorneys for appellees.

Mr. Presiding Justice Wright delivered the opinion of the court.

Appellant filed his bill in equity against appellees, wife and husband, to set aside two deeds of conveyance of real estate by the husband to the wife, on the ground, as alleged, that they were fraudulent as to creditors, and to subject the property so conveyed to the payment of a judgment and execution in favor of appellant against Edwin E. Earl, the husband of appellee Rachael E. Earl. The husband, failing to answer the bill, was defaulted, but the wife filed her answer and issues were thus formed. The court upon the hearing found that the conveyance of an undivided one-half in $52\frac{1}{2}$ acres of land in Woodford county was fraudulent, and decreed that such conveyance be set aside, and found the conveyance of the Paxton property, upon which appellees resided with their family, was not fraudulent, and decreed that as to the last mentioned property the bill be dismissed for want of equity, and taxed two-thirds of the cost to appellant, from which decree he appeals to this court, and to effect reversal of such part thereof as is adverse to him, assigns and argues various alleged errors.

Earl v. Earl.

Appellee Rachael E. Earl, has assigned cross-errors upon the record whereby she seeks reversal of such part of the decree as subjects the Woodford county land to the payment of the judgment in favor of appellant.

The material facts established by the evidence, necessary to be stated in the decision of the case, are in substance these: Appellant and appellee Edwin F. Earl are brothers, the latter having married the appellee Rachael E. Earl, in 1863, and took up their residence in Paxton in 1869. In 1873 the father of Mrs. Earl gave her $4,000 to be invested in a home for her, with which property was purchased, the title for some reason, not wholly clear, having been taken in the husband's name, but in 1875 or the year before, the title was changed to the wife; the deed, however, was not recorded. This property was sold in 1883, when the Earl family went West, returning in 1884, when the property consisting of the home now in controversy was purchased for $1,800, from which two lots were later sold for $1,000, and the property improved in 1887 at an expense of $4,000, and in which they have continued to reside. The title to this property was in the husband's name. Mrs. Earl received $10,213 from the sale of land in Woodford county, the title to which she derived from her father, the greater part of which was invested in land in Minnesota. In 1891 Edwin F. Earl bought of his brother, appellant, 200 acres of land in Ford county for $7,600, for which he paid cash except $1,603.05, for which he gave his note, and at this time he seemed to be possessed of financial ability and credit, in his own right and upon his own personal worth. Appellant was also in good financial circumstances, and the two brothers variously dealt with each other, and in addition to the balance due for the land, represented by the note before mentioned, Edwin F. Earl owed appellant $388.79 balance, money lent in 1891, $853 for interest upon indebtedness of several years standing and $247.70 for interest accrued on the note first above mentioned, for all of which sums appellant held his brother's personal notes, and the same being unpaid, judgment was recovered upon them for $3,355.88,

December 17, 1897, upon which execution issued, being the same described in the bill. In 1887, the wife being dissatisfied with the title of the home remaining in her husband, urged him to make her a deed, in which she persisted from time to time, and was joined therein by other members of the family, when in 1892, he did so, and it was delivered to the wife, which she put away without recording, and the husband afterward, without the knowledge or consent of the wife, took and destroyed it. After this the husband sustained serious financial loss in option deals, in which it is alleged appellant was also interested, and while it is probably true that he was so interested, it is proper to infer from the evidence that he authorized his brother to deal in actual property only, and not in margins, and that he understood the former to be the nature of the business while it was yet in hand. At the time Edwin F. Earl owned lands in Minnesota and in Ford county and was in good financial circumstances, but to meet a part of his losses desired to mortgage some of his lands, which was done, his wife joining in the mortgage, June 13, 1892, at which time the husband gave the deed to the home property which he later destroyed: In 1894, appellees joined in a deed to appellant for several hundred acres of Minnesota land. Mrs. Earl claims, and so testified, that she understood from appellant and her husband at that time, that the conveyance of that land was in full settlement of the debts due to appellant, and she was induced thereby to sign the deed, and while it is clear from all the evidence in the case that no such settlement was thereby effected, the circumstances may be looked to determining the question of intentional fraud, as affecting Mrs. Earl.

The title to the fifty-two and one-half acres in Woodford county came jointly to husband and wife by the will of the father of the latter, who died in 1890, and in September, 1894, the husband tried to sell his interest therein to Wheeler for $1,000, to raise money to pay a $500 note at Hoopeston Bank. Mrs. Earl bought it herself, paid $500 in cash, and gave to her husband her note for $500, payable when the

land was sold; and Edwin F. Earl, for such consideration, conveyed his interest in that land to his wife by deed dated September 12, 1894, which is the same deed the decree of the court set aside as fraudulent, and for which the cross-errors have been assigned by Rachael E. Earl. Edwin F. Earl, at request of appellant, made several property statements designed to procure a further extension of time upon the indebtedness due to his brother. These statements were made in writing, January 12, 1893, January 4, 1894, and February 8, 1896, in each of which the residence was scheduled at a value of $7,000, and as his own property; and appellant testified he extended time upon the indebtedness on the strength of these statements. The deed of conveyance of the homestead property was recorded January 14, 1896. From these facts and others established by the evidence which we do not think material to state, it is argued by appellant that so much of the decree that is adverse to him is unsupported and should be reversed, and the appellee makes like insistence upon her cross-errors as to such part of the decree as is adverse to her.

Counsel for appellant in the opening pages of their printed argument anticipate the position of counsel for appellee and discuss the subject and principles of a resulting trust as applied to the relations of appellees in respect to the homestead property. We are not inclined to the view that such a question arises in the case. It seems to us it could only properly arise if the wife was, attempting to enforce her right to the property in a direct proceeding against the husband, but no such phase of the case is here presented; on the contrary, if such trust ever existed, it has been executed by the deed of conveyance and thereby extinguished.

Was the conveyance of the homestead property to the wife fraudulent? The original consideration for this moved as a gift by the father to his daughter, and the latter did all she could reasonably do to secure the title in her own name, and at last accomplished her purpose, and at no time was she consenting to his use of the property to obtain

credit. But if she was negligent in omitting to record the first deed that was later destroyed by her husband, and if it can be justly found from the evidence that appellant was in any wise prejudiced by this circumstance, or in any manner misled by it, we should not hesitate to condemn the conveyance as fraudulent—not fraudulent in fact, but in law. While it is true that all the indebtedness represented by the judgment was incurred prior to 1892, and prior to certain property statements made by Edwin F. Earl to appellant, listing the homestead property as his own, valued at $7,000, still it is also true that appellant was induced to forbear this indebtedness, as he claims, and which, we have no doubt is true, by reason of the holdings represented in such statements. The first deed to the homestead property was laid aside without record. The deed of November 16, 1895, was withheld from record until January 14, 1896, thereby giving color to the truth of the property statements. It has been held that the husband may not be allowed to retain the actual possession of real estate and have the records disclose title in himself, and then by claiming title in himself obtain credit, and then afterward say that he conveyed it to his wife and children, and that it shall not therefore be subject to the payment of the debt. While the innocent grantees in a deed are not concluded by the acts and declarations of their grantors, those who fail to place their deed upon record are not innocent grantees as to those whom he has induced to give him credit upon his claimed ownership of the property. At the time of the conveyance by the husband it became her duty to give such notice as the law requires to all persons that he no longer held any title. The creditors had a right to rely upon the condition of the title as shown by the record, and upon the representations of the husband that he was the owner, and in the absence of evidence indicating any knowledge af appellee's title, appellant had the legal right to give credit to the husband under the belief that he was the actual owner. Blackman v. Preston Bros., 123 Ill. 381; Smith v. Willard, 174 Ill. 538. Had the deed

to Mrs. Earl been recorded when it was first given in 1892, we have little doubt it would be valid against the present claim of appellant. Under the laws of this State married women have a right to contract with their husbands and the wife has a right to receive payment of her debt the same as a *feme sole*, and a creditor has a right to pay any debt in full to the exclusion of other claims, even if such creditor is his wife. Cartwright v. Cartwright, 68 Ill. App. 74. According to the evidence the wife was a *bona fide* creditor of the husband; he was indebted to the wife, both legally and equitably, for the price of the homestead, and it was just and valid for him to execute and deliver a conveyance thereof to her. It is supported by a sufficient consideration, and only by neglect to record it, and thereby give the notice of her claim that the law requires that the husband no longer held any title, is appellee in this case prevented from holding the property against the claim of appellant, who had the right to rely (which we think he did) upon the condition of the title as shown by the record and upon the representations of the husband contained in the property statements that he was the owner. Where loss must ensue by reason of negligence the person who is in fault should suffer the loss. If appellant had been apprised of the fact that his brother did not own the homestead in 1892, it is but reasonable to infer he would sooner have proceeded to enforce collection of his demand, and had he done so it is probable it would have been paid. It is true appellees still have the right of homestead in this property, and it follows that before it can be sold, appellant will be required to comply with the statute in such cases.

We are next brought to consider the cross-errors assigned by appellee, Rachael E. Earl, and determine the validity of the conveyance of the Woodford county land. There is no evidence of intentional fraud in respect to this conveyance. The purpose of the conveyance was to enable the husband to pay a debt, which he did, and that was a laudable and legitimate object. It is contended in support of the decree

in this respect that because of inadequate price, and the nature of the note given by Mrs. Earl, that the conveyance is fraudulent. We are not disposed to hold the price so far inadequate as to constitute a badge of fraud. A fair consideration of the evidence would seem to make the cash value of the fifty-two and one-half acres $2,500, which would be $1,250 for the half interest, purchased for $1,000.

Appellee Rachael E. Earl paid $500 in cash to her husband, and gave her note for the balance, payable when the land was sold. The evidence shows that she has made no effort to sell the land, and has no intention of doing so, which we think renders the note payable on demand, and the fact, if it be such, that the husband has no intention of enforcing it against his wife, is wholly ineffective against its validity, for it could be easily reached by garnishment at the suit of a judgment creditor of the husband, there being no question regarding the solvency of Mrs. Earl.

Appellant has assigned for error that the court adjudged two-thirds of the costs against him. In chancery, costs are in the discretion of the chancellor, and we can not say such discretion has been abused herein. Our conclusion, therefore, is that the decree of the Circuit Court is erroneous *in toto*, and such part thereof as affects the homestead property will be reversed for the error indicated, included in the errors assigned by appellant, and the residue of the decree will be reversed upon the cross-errors assigned by the appellee Rachael E. Earl, each party to pay one-half the costs of this court, and the cause will be remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.