SCOTT & AL. *vs.* WHIPPLE & ALS.

An indenture, in which several persons are represented as parties of the one part, is the deed of as many persons of that part as execute and deliver it, though it is not signed by them all.

    THIS was an action of covenant upon a contract to build a mill-dam on the river *St. Croix*, between *Calais* and *St. Stephens.* There were five parties to the indenture, which was so drawn as to give the plaintiffs a right of action against either of the other parties, in severalty.   The plaintiffs were parties of the fifth part.   The defendants were three of the four persons, parties of the first part.   The indenture commenced thus—" Articles of agreement," &c., " between *Asa A. Pond, Theodore Jones,* and *William Pike,* all of

Scott & al. *v.* Whipple & als.

*Calais,* in the county of *Washington,* traders, and *Shelomith S. Whipple,* of the same place, physician, of the first part"—and describes the other parties in the usual form ; after which the names of the persons composing the parties of the several parts are not repeated ; but they are described as the parties of their respective parts. The indenture was signed and sealed by all the persons named in it, except *Asa A. Pond.*

The defendants pleaded several pleas in bar ; and among them the plea of *non est factum ;* and thereupon contended that the instrument could have no binding force as their deed, till it was completed by the signature of all the parties therein named. In order that this point might be determined previous to the trial of the other issues, *Preble J.* before whom the cause was tried, ruled it in favor of the defendants, for whom a verdict was accordingly found, subject to the opinion of the court, upon the question whether the omission of the signature of *Pond,* prevented the instrument from being the deed of those who had already executed it.

*Greenleaf,* for the plaintiffs, argued that the defendants and *Pond* were jointly and severally to be parties of the first part. But if they were not, yet by analogy to the case of partners, it was the deed of such as actually signed. 3. *Dane's Abr.* 600. sec. 6. *Gerard v. Basse & al.* 1. *Dall.* 119. 2. *Bos. & Pul.* 338. *Green & al. v. Beals & al.* 2. *Caines* 254. *Clement v. Brush* 3. *Johns. Ca.* 180. 15. *Johns.* 419. *Fletcher v. Dyche* 2. *D. & E.* 32. 1. *Hen. & Munf.* 420. 5. *Johns. Ca.* 35. *Underhill v. Harwood* 10. *Ves.* 225. 4. *Dane's Abr.* 91. 4. *Com. Dig.* 160.

*Fessenden,* for the defendants, contended that whatever the plaintiffs contracted to do, was to be done as well with *Pond,* as with the others, who relied on the aid and responsibility of him, as well as of each other. It was no contract, till it was completely executed by all the contracting parties. Until then, it was as an escrow in the hands of the plaintiffs, who undertook to obtain all the signatures, but failed.

MELLEN C. J. delivered the opinion of the Court.

Though the five contracting parties in the contract in question are

43

several contractors, and must sue and be sued as such; still the individuals composing the first and second parties, are joint contractors, and as such must sue and be sued. The principle is perfectly familiar that in case of joint contracts, each contractor is answerable for the performance of the whole. In the case before us, if *Pond* had signed the contract, each of the four persons constituting the first party would have been liable to pay the whole sum stipulated to be paid by that party; and though *Pond* did not sign, still the other three are liable no further, in respect to either of the other four parties, than if he had signed. It is true, if *Pond* had signed, and the other three should be compelled to pay the whole sum, they would have an action for contribution against *Pond*; and perhaps they would have a remedy against him though he did not sign; founded on his original agreement to be concerned equally with *Jones*, *White*, and *Whipple*; but it is not necessary to decide this point. The question of contribution is one in which the plaintiffs have no concern or interest, if they are satisfied with the contract, though unsigned by *Pond*. — They might have objected to it originally, had they seen proper, on the ground that the responsibility of four persons is better than that of three; but the contract as signed is satisfactory to the plaintiffs; they have accepted it; and this action is proof of the acceptance. These principles are supported by most of the authorities cited by the plaintiffs' counsel. The present case differs from that of *Stetson v. Patten & al.* 2 *Greenl.* 358. There, no contract whatever existed on the part of the plaintiff; it had been signed by the defendants, but not by the plaintiff or any authorised agent. In the case at bar there was an effectual signature and execution of the contract by all the five parties.

We do not perceive any thing in this case distinguishing it in principle from those to which we have alluded. In several of those, the contractor who did sign, expected that one more would sign also; and such was the case here. But it is contended that the contract or instrument in question must be considered as merely an *escrow*, because it was never signed and sealed by *Pond*, as was originally intended. From the language of the report and the professed object in view in reserving the question submitted for our considera-

tion, we must consider it as admitted that the instrument was delivered by those who did sign and seal it, as their deed; there was no intimation to the contrary in the argument. The contract was treated as one which would have been completed in all respects, and binding on those who executed it, if *Pond* had never been contemplated as a party. Of course, the only question is, whether the omission of *Pond* to sign and seal it, has rendered it not the deed of those who did execute it. In this view it is plain that the argument of the defendants' counsel cannot be sustained;—no instrument can, according to legal principles, be deemed an *escrow* when delivered to the party entitled to receive it, and claiming interests under it. We are all of opinion that the verdict must be set aside, and a

*New trial granted.*