LOUISA HARTMAN *et al.*

*v.*

CHARLES SCHULTZ *et al.*

*Filed at Mt. Vernon January 18, 1882.*

1. HOMESTEAD—*as to the character of the exemption.* Under the Homestead law of 1873, "all right and title" which the head of the family has in the premises which constitute his homestead, is exempted from forced sale for the payment of his debts, or other purposes. It is not the mere right of occupancy, but it is the lot or ground occupied as a residence that is exempted.

2. Where the homestead premises do not exceed in value $1000, there can be no valid sale of the property itself on execution or decree for the payment of debts or other purposes, and this exemption, on the death of the householder, is continued in force as to his widow and children, precisely as held by him.

3. SAME—*exempt from administrator's sale.* No sale can be rightfully made of the homestead by the administrator of the deceased householder to pay his debts, when the property does not exceed in value $1000, until the exemption in favor of the widow and minor children has been in some mode terminated; and if such a sale is made, a court of equity has the power to set the same aside at the instance of the homestead occupant. The homestead, when not exceeding $1000 in value, can not even be sold subject to the homestead right.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. GORDON & HOOD, for the plaintiffs in error:

The homestead exemption is declared by statute. Laws of 1872, sec. 1, p. 478; Rev. Stat. 1874, ch. 52, sec. 1. Continues after death of householder to the widow and children until the majority of the youngest child. Rev. Stat. 1874, ch. 5, sec. 2; *Wolf* v. *Ogden*, 66 Ill. 224; *Vanzant* v. *Vanzant*, 23 id. 536. Distinction between voluntary conveyance and forced sale. *Hartwell* v. *McDonald*, 69 Ill. 293. Sale is void. *Haworth* v. *Davis*, 67 Ill. 301; *Bliss* v. *Clark*, 39 id. 590. A mortgage on homestead premises not exceeding $1000 in value, without a release of the homestead right, creates no lien. *Asher* v. *Mitchell*, 92 Ill. 480.

Sale of homestead by administrator to pay debts is void in law. Rorer on Judicial Sales, sec. 495.

Complainants have a right to file original bill, and assert their homestead rights, and have the sale set aside. *Mooers et ux.* v. *Dixon*, 35 Ill. 208; *Moore et ux.* v. *Titman*, 33 id. 358; *Hubbell et al.* v. *Canaday*, 58 id. 425; *Allen et al.* v. *Hawley et ux.* 66 id. 164.

Messrs. JOHNSON & HORNER, for the defendants in error:

The homestead right that devolves upon the widow and minor children is essentially different from that of the owner of the fee during his lifetime. In the widow, and especially in the minor children, it is much less in value than in the deceased, and $1000 is not, and can not be, regarded as the value of such interest. *Merritt* v. *Merritt*, 97 Ill. 249; *Walters* v. *The People*, 18 id. 199.

The $1000 simply measures the value of the land to which the right attaches, and this is true both of the householder during life, and of his widow and children after his death. *Merritt* v. *Merritt*, 97 Ill. 249; Rev. Stat. 1874, p. 428, sec. 44, and amendment of 1875, Laws of 1875, p. 75.

The "marked distinction" between forced and voluntary conveyances grows out of the policy of the law to permit the owner to sell his household and re-invest in another. Rev. Stat. 1874, p. 498, sec. 6; *Merritt* v. *Merritt,* 97 Ill. 249; *Hartwell* v. *McDonald,* 69 id. 297.

Hence a voluntary conveyance passes the fee subject to the homestead, if not released. *McDonald* v. *Crandall,* 43 Ill. 231; *Asher* v. *Mitchell,* 92 id. 480, and citations.

A judgment or decree does not create a lien on the homestead, and a sale under either is therefore void as to the homestead. But the judgments and decrees here referred to are such as, under the statute, would create a lien but for the Homestead act, of which class a decree to sell land to pay debts of deceased is not one. *Green* v. *Marks,* 25 Ill. 221.

The policy of the Homestead act in regard to the owner of the fee—the ancestor—as outlined above, and as indicated in sec. 6, Rev. Stat. 1874, p. 498, does not apply after death, and the homestead may or may not be set off in the proceeding to sell land to pay debts. (Laws of 1875, p. 75.) And in either case the fee passes. See *McCormick* v. *Kimmel,* 4 Bradw. 121.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The facts in this case appear by admission on demurrer to the bill. Prior to his death, which occurred on the 11th day of April, 1873, William H. Bruggeman was the owner in fee of the lands in controversy, and resided thereon, up to the time of his death, with his family, as his homestead. Conrad Welge was appointed administrator, and under an order of the county court obtained leave to sell the real estate of the intestate to pay debts. The administrator sold the premises to Christian Brockmyer, and made him a deed therefor in the usual form of administrators' deeds. Afterwards Christian Brockmyer,—his wife joining with him in the execution

of the deed,—conveyed the premises by trust deed to Henry Schultz, to secure the payment of a note to Charles Schultz. Default having been made in the payment of the indebtedness secured, the premises were sold by the trustee, under the power contained in the trust deed, and at his sale Charles Schultz became the purchaser. The bill in this case was exhibited by the widow and minor children of the intestate, to set aside the administrator's deed to Brockmyer, and all subsequent deeds conveying the property to Charles Schultz, on the ground the premises had been the homestead of the intestate, and since his death the homestead of his widow and minor children, and for that reason the administrator's sale of the premises to pay debts was void. It is alleged in the bill, the premises that constituted the homestead of the intestate, and since his death of his widow and minor children, are not worth exceeding $1000, and are so situated a division of the same could be made without injury to the rights of any one interested. Of course the demurrer to the bill admits these allegations to be true, and for the purposes of this decision it will be assumed the premises do not exceed in value $1000, and are susceptible of division without injury to parties interested, should a division become expedient or necessary for any purpose.

The decision of the case involves a construction of the Homestead law in some of its provisions, and presents a question not heretofore considered by this court in the exact form presented by this record.

Section 1 of the Homestead act, in force July 1, 1873, declares, "that every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution sale for the payment of his

debts or other purposes, and from the laws of conveyance, descent and devise," except as in the act thereafter provided. It is difficult to conceive how the exemption of the homestead from involuntary sale, under judicial process, could be more clearly expressed than it is in this section of the statute. It must be understood to mean what is so plainly expressed,— that is, that "all right and title" which the head of the family has, in the premises which constitute his homestead, shall be exempt from forced sale for the payment of his debts or other purposes. This section of the Homestead act received a construction in *Hartwell* v. *McDonald*, 69 Ill. 293, where it is said: "It is not the mere homestead right of occupancy which is exempted from levy and forced sale, but it is the lot of ground occupied as a residence." The context is in harmony with this view, and affords evidence it is the land itself which constitutes the homestead, and not the mere right of occupancy, that is exempt from levy and forced sale. Section 9 absolutely forbids any sale of the homestead on execution or decree, unless a sum greater than $1000 is bid therefor. Should no greater sum be bid, the decree may be modified or the execution released as for want of property. It is not necessary the party having a homestead in premises should own the same in fee simple, to entitle him to the exemption provided by the statute. It is sufficient if he is rightly possessed of the premises, by lease or otherwise. It is plain, therefore, where the homestead premises do not exceed in value $1000 there can be no valid sale of the property itself, on execution or decree, or for the payment of debts or other purposes. This court has never recognized in any of its previous decisions the doctrine sometimes insisted upon, that there can be a sale of the property, subject to the right of occupancy by the party entitled to a homestead. Even a sale of the premises, where the homestead exceeds in value $1000, is invalid unless the provisions of the statute in regard to assigning homestead, and for a sale where the

premises are not susceptible of division, have been substantially complied with.

Keeping in view this definition of what is exempt from levy and forced sale, in favor of the householder having a homestead on which he resides with his family, a clearer understanding will be more readily obtained of the second section of the Homestead act, which has more immediate application to the case in hand. That section provides: "Such exemption shall continue after the death of such householder for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes twenty-one years of age." What exemption is it that is continued in favor of the husband or wife surviving, or of the children? But one answer can be given. It is the exemption from levy and forced sale, for the payment of debts or other purposes, of the homestead, where the property does not exceed in value $1000, that existed in favor of the householder himself. The language employed will bear no other construction, consistently with the common understanding of the words used to express the legislative intention. Sanction is given to this reading of this section of the Homestead act, by the reasoning in *Wolf* v. *Ogden*, 66 Ill. 224, *Hartwell* v. *McDonald, supra,* and in *Bursen* v. *Goodspeed*, 60 Ill. 277. Although the exact question was not involved in either case, it seems to have been assumed, or taken for granted, there could be no sale of the homestead property by the administrator of the householder, for the payment of the debts of the estate, or for other purposes, where it did not exceed in value $1000, until the exemption continued in favor of the widow and minor children was terminated in some way known to the law. In *Wolf* v. *Ogden*, in respect to the lien of the creditors upon the estate of the intestate, it was said, if the premises were worth less than $1000 it would not attach until the termination of the homestead interest. Cogent reasons suggest

themselves in favor of this construction. Should a sale be made before the termination of the homestead estate, it might subject the heir entitled to the remainder to most ruinous sacrifice of the property. Examples readily occur. The widow or husband in whose favor the homestead is continued, being young, a purchaser buying the property at administrator's sale would consider the probable duration of the estate in such party. The longer it would probably endure, the less would be expected to be bid. Should the estate of homestead be suddenly terminated, by death or abandonment, the purchaser would obtain a perfect title to the property, subject to no burden, at vastly less than its real value, to the great prejudice of the creditors of the estate of the householder, or the parties entitled to the remainder. It was surely never intended property should be thus needlessly sacrificed, and any construction of the Homestead act that would lead to such a result would be mischievous in the highest degree. Plainly, no sale can be rightfully made of the homestead, by the administrator, to pay debts, where the property does not exceed in value $1000, until the exemption in favor of the widow and minor children has in some mode terminated. In *Kingman* v. *Higgins*, 100 Ill. 319, analogous questions are discussed, and that case is an authority exactly in point, sustaining the views here expressed. Where the homestead exceeds $1000 in value, the statute directs how a sale of the property may be made. *Hotchkiss* v. *Brooks*, 93 Ill. 392, and *Merritt* v. *Merritt*, 97 id. 249, discuss the value of the homestead of the widow and minor children where the property exceeds $1000 in value, and is sold under judicial process, and hence illustrate no phase of the case under consideration.

In *Conklin* v. *Foster*, 57 Ill. 104, this court entertained a bill to set aside a sale of homestead premises made in viola-tion of the provisions of the statute, at the instance of the party entitled to the occupancy, and in other cases the en-

joining of the making of judicial sales of the homestead has been sustained. No doubt is entertained as to the power of a court of equity to afford the relief asked for by the homestead occupant in this case.

The decree will be reversed, and the cause remanded for further proceedings conforming to this opinion.

*Decree reversed.*