SOPHIA M. MUELLER et al.

v.

LOUIS CONRAD et al.

Opinion filed February 22, 1899.

1. JUDICIAL SALES—executor selling for cash may require deposit from bidder. Under a decree ordering a cash sale of property to pay debts, the executor or administrator may require that the bidder make a cash deposit as a guaranty that he will consummate the sale upon its approval by the court, and the making of such demand is no ground for setting the sale aside for unfairness.

2. HOMESTEAD—there is no presumption that value of premises occupied as homestead exceeds $1000. There can be no presumption indulged that the value of premises occupied as a homestead exceeds $1000.

3. SAME—estate of homestead cannot be severed from fee of land. Premises not exceeding $1000 in value cannot be sold to pay debts until the termination of the homestead estate, and it is error to decree a sale of the premises subject to the homestead right.

4. SAME—widow's consent to sale of premises subject to homestead does not validate sale. The widow's consent to the sale, subject to her homestead estate, of premises not exceeding $1000 in value to pay debts, does not validate the sale, as the fee in the premises cannot so be severed from the right of occupancy as a homestead.

5. SAME—householder's homestead is the lot of ground itself. A householder's homestead estate is not a mere right of occupancy, but is the lot of ground occupied by his residence.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

WILLIAM H. TATGE, and WILLAM A. DEYL, for plaintiffs in error:

A purchaser is not chargeable with the amount of his or her bid until the sale has been approved. Garrett v. Moss, 20 Ill. 549; Comstock v. Purple, 49 id. 158

An executor, on selling land for debts, has no right to demand the deposit of any money to bind the bargain. Such a power is not given him by statute, nor was there any such provision made in the decretal order of sale. If a purchaser refuses to carry out the terms of sale then

a re-sale can be made at his expense.    *Hill* v. *Hill*, 58 Ill.
239; *Thrifts* v. *Fritz*, 101 id. 457.

The Homestead Exemption law creates an estate in
land, and not a mere right of occupancy.    *Browning* v.
*Harris*, 99 Ill. 456; *Eldridge* v. *Pierce*, 90 id. 474; *Haggerty*
v. *Haggerty*, 149 id. 655.

It is not the mere homestead right of occupancy which
is exempted from levy and forced sale, but it is the lot
occupied as a residence.    *Hartwell* v. *McDonald*, 69 Ill. 293.

A sale of the premises where the homestead exceeds
in value $1000 is invalid, unless the provisions of the
statute in regard to assigning homestead have been sub-
stantially complied with.    *Bullen* v. *Dawson*, 139 Ill. 641;
*Hartman* v. *Schultz*, 101 id. 437; *Asher* v. *Mitchell*, 92 id. 480;
Rorer on Judicial Sales, sec. 495.

SCANLAN & MASTERS, and C. C. BOWERSOCK, for de-
fendants in error:

A decree entered by consent or stipulation, releasing
a homestead, is binding, and the party so stipulating and
consenting loses his homestead.    *Allen* v. *Hawley*, 66 Ill.
164; *Cribben* v. *Cribben*, 136 id. 609.

It is no ground for setting aside an executor's or ad-
ministrator's sale that such executor or administrator,
acting under an order to sell for cash, made a demand of
a deposit of one-fourth of the purchase price.    *Allen* v.
*Shepard*, 87 Ill. 314.

A homestead, under the law of 1873, is an estate, and
not a mere exemption, as under the law of 1853, and may
depend upon an estate in fee for life or for years.    Starr
& Curtis, chap. 52, sec. 1; *Hartman* v. *Schultz*, 101 Ill. 437.

An estate of homestead is an estate for life.    *Brown-
ing* v. *Harris*, 99 Ill. 462.

Where the property in which the homestead estate
exists exceeds in value $1000, the excess is unaffected by
the estate, and is liable to the same lien of judgment, at-
tachment, etc., and may be aliened in the same manner

as other property of the householder. *Watson* v. *Doyle,* 130 Ill. 415; *Eldridge* v. *Pierce,* 90 id. 480; *Hotchkiss* v. *Brooks,* 93 id. 386; *Browning* v. *Harris,* 99 id. 462; *Moriarty* v. *Galt,* 112 id. 378; *Wallace* v. *Harris,* 32 Mich. 400; *Jenkins* v. *Harrison,* 66 Ala. 345.

Where, as in the case at bar, a complainant alleged that property was of less value than $1000, and the defendant denied that allegation, the burden of proof is on the complainant, and he must show that the claim is within the exemption. *White* v. *Clark,* 36 Ill. 285.

A sale of real estate subject to the estates of dower and homestead is valid. *Kenley* v. *Bryan,* 110 Ill. 656.

Since 1873 the homestead is an estate capable of being conveyed by the owner separately from the fee. *Lorimer* v. *Marshall,* 44 Ill. App. 645.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Carl W. F. Mueller was the owner of lot 18 in Phillips & Fay's addition to the city of Chicago, which was occupied by him as a homestead, and also owned certain other real estate of large rental value. He died testate, and the only indebtedness of his estate was the widow's award, amounting to $1260, of which $512 was paid, and the balance, $748, was not paid. The executor of the testator's will was Louis Conrad, one of the defendants in error herein, and because of the unpaid residue of the widow's award he filed a petition on June 7, 1894, in the probate court of Cook county, praying for the sale of the undivided one-half interest in said lot 18, subject to the homestead of the widow and of the minor child of deceased. To that petition the solicitor of the widow and of the guardian of the minor child entered their appearance, and decree of sale was entered. The sale was duly advertised, and the widow appeared and bid for the said lot the sum of $600, but failing to comply with the terms of sale the court set the same aside and ordered a re-sale. The ex-

ecutor amended his petition by striking out the words "an undivided one-half interest." The defendants, the widow and the adult child, entered their appearance, and the guardian of the minor filed an answer. A decree was entered on the amended petition, decreeing the sale of the said lot 18 subject to the homestead of the widow and minor child. A sale was duly advertised and the property sold for the sum of $300. The widow and her solicitor were present at the time of the sale. The executor filed his report of sale, to which the widow, in her own right and as guardian of the minor, filed objections, which were overruled by the court and the sale was confirmed. No appeal was taken by the defendants or objectors. The amended petition, decree, advertisement and report of sale all contained the provision that the sale of said lot 18 was subject to the estate of homestead. More than a year thereafter this bill was filed in the superior court of Cook county to set aside the executor's deed. It alleges the widow was prevented and hindered from bidding at the sale because the executor announced before the sale that he would not receive any bid unless the same was accompanied by a cash deposit of $300; that the premises sold were the homestead of the widow and minor child, and that there was other real estate besides the homestead that might have been sold to pay the deficiency found due.

The defendants to the bill answered, admitting that Carl W. F. Mueller died leaving a will, which was duly probated, and that at the time of his death he was seized of two pieces of real estate as described in complainants' bill; that lot 18 was the homestead of the widow; admitted the heirship as alleged, the appointment of the executor, the allowance of the widow's award, the balance due thereon, the filing of the petition for a sale of real estate to pay the widow's award, and the decree of sale subject to the homestead; denied that the real estate sold was of less value than $1000 or that any one offered

to bid $600 therefor; denied the refusal to accept a bid unless it was accompanied by a deposit, but admitted that it was announced at the sale that whoever bid on the lot would be required to deposit $250 or $300, as the terms of sale were for cash; admitted the sale to John C. Horn, he being the only bidder; admitted there was other property besides the homestead, but averred it was worth $15,000 and a large sum was realized therefrom in rents, and alleged that the solicitor of the widow and heirs instructed the executor not to sell that piece of real estate but to sell lot 18, and denied that the deed executed to the purchaser was a cloud on the title..

The defendants to the original bill, the executor and purchaser, filed a cross-bill alleging the same facts appearing in the answer; that the executor did by a clerical omission fail to state that the sale was subject to the homestead rights of the minor, and that the executor offered to correct that error by the delivery of another deed. To this cross-bill a demurrer was filed, which was overruled and a rule entered on the defendants thereto, the widow and heirs, to answer the same. They failing to answer, their default was entered. A decree was entered dismissing the original bill for want of equity and allowing the prayer of the cross-bill, and directing the executor to issue a new deed upon the payment of $300 in addition to the $300 theretofore paid.

The contention of complainants in the original bill arises on these three propositions: First, that the widow was prevented from bidding on the sale of lot 18 subject to the homestead, because of the declaration of the executor that a deposit of $250 to $300 would be required to accompany the bid; second, that the premises were at the time of sale the homestead of Sophia M. Mueller and Anna Mueller, a minor; and third, that there was other real estate belonging to the testator that might have been sold to pay debts without selling the interest in the land subject to the homestead.

By the terms of the decree the sale by the executor was to be for cash, and where such a decree is for debt, the executor has a right to demand that a bidder shall make a deposit as a guaranty that he will consummate the purchase if the court approves the sale, and where such a demand is made by the administrator or executor it will constitute no sufficient ground for setting aside a sale. *Allen* v. *Shepard,* 87 Ill. 314.

The allegation of the bill admitted by the answer is, that the decree of sale of the property was made subject to the homestead right of the widow. The decree in this case required the deed theretofore made by the executor should be reformed, and that there should be inserted therein the words, "subject to the homestead estate of Sophia M. Mueller and Anna Augusta Wilhelmena Mueller," and that the sale as made was made subject to the homestead estate. The decree further finds that Anna Augusta W. Mueller was over eighteen years of age. There is no finding in the decree as to the age of Anna Augusta W. Mueller at the time the decree of sale was entered. There is no finding in the decree, nor in the decree of sale, of the value of the premises occupied as the homestead, and there was no attempt to conform to the requirement of the statute in setting off the homestead in the manner required by law. Where the homestead premises do not exceed in value $1000 there would be no valid sale of the premises by an execution or decree for the payment of debts or for other purposes, by which the right of homestead would be defeated. If the value of the premises exceeds $1000, no valid sale could be made under execution or decree without complying with the provisions of the statute, where the premises are susceptible of division. (*Hartwell* v. *McDonald,* 69 Ill. 293.) And this principle is true under our statute, so that there can be no sale of property subject to the right of homestead unless the latter is waived or assigned in the manner provided by law. (*Hartman* v. *Schultz,* 101 Ill. 437;

*Barrows* v. *Barrows,* 138 id. 649; *Bullen* v. *Dawson,* 139 id. 633; *Oettinger* v. *Specht,* 162 id. 179.) There is no evidence showing the value of the premises to be in excess of $1000. There can be no presumption that their value exceeded that amount. Where they do not exceed that amount they cannot be sold to pay debts by the administrator until after the termination of the exemption in favor of the widow and children, and it is error to decree a sale of such homestead premises subject to the homestead right of estate. *Hartman* v. *Schultz, supra; Oettinger* v. *Specht, supra.*

It was held with reference to our present Homestead Exemption act, in *Hartwell* v. *McDonald, supra,* that "it is not the mere homestead right of occupancy which is exempted from levy and forced sale, but it is the lot of ground occupied as a residence." Cognate questions were involved in *Bursen* v. *Goodspeed,* 60 Ill. 277, and *Wolf* v. *Ogden,* 66 id. 224; and whilst the exact question whether there could be a sale of the homestead property by the administrator not entitled to the exemption, in some manner known to the law, was not raised, it seems to have been conceded or assumed that it could not be done. The direct question presented by this record was before this court in *Hartman* v. *Schultz, supra,* where it was held that the homestead exemption was not the mere right of occupancy, but was the lot of ground occupied as a residence. It was further held there could be no valid sale of the same on execution or decree, for the payment of debts, where not exceeding $1000 in value, and could not be sold subject to the homestead right.

Our statute in relation to homesteads declares that no conveyance of the estate of homestead shall be valid unless in writing, duly subscribed, acknowledged, etc. It has been frequently held by this court, that where a conveyance is not executed as therein required it can have no effect on property subject to the estate, where there has been no abandonment or delivery of possession.

(*Barrows* v. *Barrows*, 138 Ill. 649, and authorities cited.)
In *Moriarty* v. *Galt*, 112 Ill. 373, it was held that where the
lot of ground did not exceed in value.$1000, with its im-
provements, and was occupied as a homestead, the lien
of a judgment did not attach to the property, as there
was nothing subject to forced sale.   Numerous authori-
ties are cited sustaining this principle in that case.   In
*Bullen* v. *Dawson*, *supra*, the rule is stated, and numerous
authorities are referred to as sustaining it, that a sale
on execution of the homestead of the judgment debtor,
without observing the requirements of the statute with
reference to setting off the same, is void, and conveys no
title.   In *Oettinger* v. *Specht*, *supra*, it was held: "Where
the homestead premises do not exceed $1000 in value they
cannot be sold to pay debts by the administrator of a
deceased householder until after the termination of the
exemption in favor of the widow and children, and it is
error to decree a sale of such homestead premises subject
to the homestead right or estate."

From these authorities it appears that the homestead
of the householder comprises the tract of ground, with
its improvements, not exceeding in value $1000, occupied
as a homestead, and no valid sale of the same could be
had on execution or decree of court for the payment of
debts, nor could the tract of ground be sold subject to the
right of occupancy by a decree of sale to pay debts, or
under execution.   A conveyance of the same must be,
as required by the statute, in writing, signed and duly
acknowledged.

The evidence shows that the original petition, which
prayed for a decree for the sale of an undivided one-half
interest in lot 18 subject to the homestead of the widow
and minor child, was presented, and the widow, in her
own proper person and also as guardian, entered her ap-
pearance, and consented "to the entry of a decree of sale
of the real estate of said deceased according to the prayer
of the said petition."   That petition was subsequently

amended, and to the amended petition the widow and two of her sons who were of age entered their appearance by their solicitor, and consented "to the order of sale of the premises as prayed for in the petition and the amended petition." The widow, as guardian of Anna Augusta W. Mueller, filed an answer, neither admitting nor denying the allegations of said amended petition but praying for strict proof. It is insisted by defendants in error that by reason of such entry of appearance and consent to the entering of a decree of sale as prayed for by the petition the widow lost her right to a homestead. One may consent to the entry of a decree by which a loss of homestead may result. (*Allen* v. *Hawley*, 66 Ill. 164; *Cribben* v. *Cribben*, 136 id. 609.) The provisions of the statute expressly create an estate of homestead, which shall continue after the death of the householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, or of the children until the youngest child becomes twenty-one years of age. With reference to a sale of the premises under execution or to pay debts by decree of court, as has been frequently held by this court, the estate of homestead cannot be severed from the fee of the land, and to admit that the consent to a decree in accordance with the petition would be to consent to an entry of a decree providing for severing the estate of homestead from the fee of the land, would result in the creation of two estates under that proceeding where but one exists as created by law. The consent embraced in the entry of appearance was not a consent by the widow to the sale of the homestead, but sought to sever the homestead from the fee, in a proceeding which was not authorized. We are of the opinion, therefore, that the entry of appearance and consent to the decree, as prayed for in the petition, did not authorize the court to create an estate under such proceedings unknown to the law and not recognized, and hence was not a waiver of a right of homestead. It was not a consent to the sale

of the homestead,. and as the right of occupancy of the homestead cannot be severed from the fee of the land so as to authorize a sale of the latter under a decree of sale to pay debts, the consent did not confer jurisdiction. Consent did not render valid the decree of sale.

It is insisted that the plaintiffs in error having taken under the will, and not having renounced the right of homestead, lost the same. In this case the will is not offered in evidence and is not before us for consideration.

We hold the decree did not authorize the sale and the execution of the deed as reformed on the decree entered in the cross-bill, and the plaintiffs in error had a right to ask to have the sale set aside, and the court erred in dismissing the original bill and entering a decree on the cross-bill.

The decree of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*