## True A. Miller, Administrator, v. Harry A. Hammond, Administrator.

### Gen. No. 4,577.

1. Freehold—*when not involved in a proceeding to sell real estate to pay debts of an intestate.* A freehold is not involved where the only question is whether or not the widow's award should be paid out of the proceeds of the sale of the real estate.

2. Laches—*when does not bar proceeding to sell real estate to pay*

*debts.* Where a homestead does not exceed in value the sum of $1,000 and it is occupied by the widow or by the widow and children as a homestead, it cannot be sold to pay debts by the administrator until after the termination of the exemption, and, therefore, it is not laches to delay selling such a homestead for the payment of debts until the premises cease to be occupied as such homestead.

3. WIDOW—*rights of, in homestead estate.* A widow is entitled to both her award and her homestead, and she is not required to sacrifice either the one or the other; she may occupy the homestead and upon abandoning the same may enforce the sale thereof to pay her award or any balance due thereon.

Proceeding to sell real estate to pay debts. Appeal from the County Court of Stark County; the Hon. B. F. THOMPSON, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded with directions. Opinion filed April 20, 1906.

JAMES H. RENNICK, for appellant.

W. W. HAMMOND, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

William Miller, a resident of Stark county, died November 13, 1894. Administration was granted upon his estate. A widow's award was allowed to his widow, Nancy Miller. She took certain personal property thereon at the appraised value, and there was a balance left unpaid upon her award which she elected to take in money. Some payments were made upon the widow's award, so that it was reduced to $756.33. Her relinquishment and selection and election to take in money having been approved, this was a second class claim in her favor. Other claims to the amount of $470.33 were allowed against the estate, these being, as we understand it, claims of the seventh class. The estate was insolvent, the only property left with which to pay the balance of the widow's award and these other claims being a homestead of the deceased which was occupied by the widow, and which at no time exceeded in value $1,000. The County Court thereupon discharged the administrator. Nancy Miller died January 29, 1905, and True A. Miller was appointed administrator of her estate. Harry A. Hammond purchased most of the seventh class claims against the estate of Will-

iam Miller, and upon his own petition after the death of the widow was appointed administrator *de bonis non* of the estate of William Miller, and filed a petition to sell said homestead estate for the payment of said seventh class claims, stating in his just and true account that there was nothing due the widow on her award. The administrator and heirs at law of the widow filed an answer setting up the facts concerning the allowance and partial payment of said widow's award, and alleged that in selling said real estate and paying the debts of said William Miller, deceased, said award should be included in the order of its classification under the statute. The administrator *de bonis non* of William Miller's estate filed a replication to this answer in which he set up that the proceeds of the sale of said real estate ought not to be made to respond to the payment of the balance remaining unpaid of said widow's award, because said Nancy Miller elected to take and hold said real estate as her homestead under the homestead right given her by the statutes of the state as the widow of said William Miller, and did so take and hold the same from the date of the death of William Miller until her own death, and elected not to enforce the payment of her said widow's award against said real estate, and that therefore the right to enforce said widow's award against said real estate is barred by the Statute of Limitations of this State, and the administrator of the estate of said Nancy Miller, deceased, is barred from having any part of the proceeds of said real estate for the payment of the balance of said widow's award. There was a hearing of the cause, and the proofs showed the facts to be as first above stated. The court in its decree held that there was no property remaining to the estate of William Miller, after his widow's award had been paid in part, out of which the remainder thereof could be satisfied, except said homestead property, and that by electing to hold the same as a homestead instead of causing it to be sold for the payment of her award, the right to sell said homestead or claim the proceeds of it in satisfaction of her award had been lost by her laches, and that the widow was compelled

to choose whether she preferred to hold the homestead estate or to abandon the homestead estate and cause the property to be sold for the satisfaction of her award; and that neither her administrator nor her heirs had any right to have the proceeds of the sale of said homestead applied to the balance due upon said award. This is an appeal from said decree by the administrator of Nancy Miller's estate.

Appellee moved to dismiss the appeal on the ground that it should have been taken to the Supreme Court. We regard it as settled by Lynn v. Lynn, 160 Ill. 307, that the question whether this appeal was properly taken to this court or should have gone to the Supreme Court depends upon whether a freehold was involved. As the only question here is whether or not the widow's award should be paid out of the proceeds of the sale of the real estate, no freehold is involved, and the motion to dismiss the appeal is therefore denied.

It is the settled law of this state that where the homestead does not exceed in value the sum of $1,000 and it is occupied by the widow or widow and children as a homestead, it cannot be sold to pay debts by the administrator till after the termination of the exemption in favor of the widow and children; and that it is not laches to delay selling such a homestead for the payment of debts till the premises cease to be occupied as such homestead, even if such delay should amount to twenty years or more. Mueller v. Conrad, 178 Ill. 276; People, ex rel., v. Lanham, 189 Ill. 326; Hanna v. Palmer, 194 Ill. 41. The allowance in favor of the widow which she elected to take in money became by the approval of that election a judgment in her favor as a second class claim in the same sense in which the allowance of the seventh class claims were judgments against the estate. Lane v. Thorn, 103 Ill. App. 215. That judgment was as final and conclusive in her favor as was the allowance of the seventh class claims in favor of the other creditors of the estate. Another statute gave her the right to occupy her deceased husband's home as a homestead during the rest of her life if she saw fit. We

Miller v. Hammond.

know of no statute or rule of law which required her to elect either to sacrifice the unpaid balance of her widow's award or to sacrifice her homestead. If there had been other real estate owned by William Miller, not homestead, she would have had a right to have that sold for the payment of her widow's award, while retaining the homestead. The course of the argument here practically concedes that she could have occupied this homestead till almost the close of seven years after the allowance in her favor, and could then have abandoned the homestead and compelled the sale of that real estate to pay the widow's award. If she could occupy it almost seven years and then enforce the payment, we see no reason why she might not occupy it as much longer as she pleased as a homestead without relinquishing her judgment for the balance of her widow's award. The law gave her both the widow's award and the homestead, and did not require of her any election to take one and abandon the other under any circumstances. Strictly the Statute of Limitations does not apply, but rather the question is one of laches. Under the authorities above cited, as there was no real estate which could be sold to pay the balance due upon the widow's award and the seventh class claims until the premises ceased to be occupied as a homestead, there was no laches on the part of the widow which bars the collection of the judgment after her death.

The decree is therefore reversed, and the cause remanded with directions to the court below to enter a decree for the sale of the property for the payment of all unpaid claims, including the widow's award, in the statutory order of their priority.

*Reversed and remanded with directions.*