(No. 11950.—Judgment affirmed.)
EMMA HECKMANN, Plaintiff in Error, *vs.* A. DETLAFF
*et al.* Defendants in Error.

*Opinion filed April 17, 1918—Rehearing denied June 5, 1918.*

1. LIS PENDENS—*doctrine of lis pendens stated.* The doctrine of *lis pendens* is that the court having jurisdiction of the action cannot be prevented from proceeding to the final exercise of that jurisdiction by any transfer or other act of the parties to the action after the service of process or the happening of any other event necessary to the commencement of *lis pendens.*

2. SAME—*mere beginning of suit does not give priority over unrecorded deed.* It is not the commencement of a judicial proceeding but the acquirement of a lien thereunder which gives priority over an unrecorded deed to the land involved in the litigation.

3. SAME—*deed recorded prior to decree of sale is notice to purchaser.* The recording of a deed to a third party prior to the entry of a decree of sale in a proceeding to sell the land to pay debts of the grantor but subsequent to the commencement of the proceeding is notice to the purchaser at the sale, and he cannot claim priority over the title obtained by the deed.

4. EJECTMENT—*a plaintiff must recover on the strength of his own title.* A plaintiff in ejectment must recover, if at all, on the strength of his or her own title, and the defendant's possession, which he may maintain through his tenant, will not be disturbed until the plaintiff has shown a clear title as against the defendant.

5. SAME—*a deed executed by part of grantors named is valid as to those executing it.* A deed naming two or more parties as grantors but not executed by all is valid as to those executing it, in the absence of any agreement or understanding to the contrary.

6. SAME—*homestead is not conveyed unless wife joins in deed.* Where a husband and wife occupy property as a homestead, a deed conveying the property and naming the husband and wife as grantors will not convey the homestead interest unless the wife joins in executing the deed, and to the extent of $1000 in value the title to the premises is unaffected by the deed.

7. SAME—*there is no presumption as to the value of homestead property—the burden of proof.* There is no presumption that the value of property in which there is a homestead interest exceeds $1000, and where the wife of the grantor has not joined in the deed the burden is on the grantee, when bringing an action of ejectment, to prove that the property is worth more than $1000 in order to show the validity of the deed as to any part of the property.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

ROBERT P. BURKHALTER, MORTIMER M. NEWFIELD, and EDWIN WHITE MOORE, for plaintiff in error.

FRANCIS A. HARPER, for defendants in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was an action of ejectment brought in the superior court of Cook county as to a house and lot in Blue Island, in said county. After a hearing the court instructed the jury to return a verdict for the defendants, and from the judgment entered on that verdict in the trial court the plaintiff has sued out this writ of error.

From the stipulation in the record the facts connected with this litigation are substantially as follows: John M. Heckmann, from some time before May, 1914, until his death, in June of that year, was the record owner of the premises in question and occupied them as a homestead with his wife, Mary. He died June 11, 1914, intestate, and letters of administration on his estate were issued by the probate court of Cook county in July, 1914. On November 20, 1914, the administrator filed a petition to sell the real estate in question to pay debts, and summons in said proceeding were served on all of Heckmann's heirs. Emma Heckmann and her husband, Henry, not being heirs, were not served or made parties defendant to the proceedings to sell real estate to pay debts. A decree of sale was entered in said proceedings May 28, 1915, and on June 30, 1915, a public sale was held in accordance with said decree, and the defendant in error H. C. Petersen became the purchaser of the premises for $1500, which she paid and thereafter received a deed for the premises July 12, 1915, which was filed for record the following day. John M. Heckmann's

'widow leased the premises not long after her husband's death to A. Detlaff and his wife, and they were tenants at the time of the hearing of these proceedings to sell the property to pay debts and at the time of the ejectment suit. After the property was sold a deed conveying the same was executed to H. C. Petersen, and thereafter Detlaff paid rent to Petersen. Mary Heckmann, wife of John M. Heckmann, died September 20, 1914. On April 27, 1915, several months after the filing of the petition to sell the real estate but before the decree of sale in said proceeding, plaintiff in error filed in the recorder's office of Cook county a warranty deed dated November 23, 1905, conveying the premises in question to Henry Heckmann and Emma Heckmann, his wife, as joint tenants. The deed states in the body that it was made by John M. Heckmann and his wife, Mary, as grantors, and the acknowledgment certificate of the notary public certifies that both of these parties acknowledged the deed, but Mary Heckmann does not appear to have signed the deed as grantor. The body of the instrument and the acknowledgment certificate contain words as to release and waiver of homestead exemption rights in. the usual form. During the trial of the case it was suggested to the court that Henry Heckmann, one of the grantees in said deed, had died, and as all his rights under said deed had vested in Emma Heckmann by survivorship, she was allowed to proceed as sole plaintiff. Both Emma Heckmann and H. C. Petersen claim title to the premises through a common source,—that is, from John M. Heckmann,—the former claiming through the deed in question and the latter claiming through the decree of sale to pay debts and the deed given in pursuance thereof.

The principal question argued in the briefs is whether plaintiff in error showed such title through the deed from John M. Heckmann to herself and her husband that she could recover as against defendants in error, who were in possession. The precise question on facts such as here pre-

sented does not seem to have been passed on by this court. The doctrine of *lis pendens* as to persons and property within its operation is that the court having jurisdiction of the suit or action is entitled to proceed to the final exercise of that jurisdiction, and that it is beyond the power of any of the parties to the action to prevent its so doing by any transfer or other act made or done after the service of the writ or the happening of such other act as may be necessary to the commencement of *lis pendens.* (17 R. C. L. 1009.) The question has arisen quite frequently as to the rights of the holder of an unrecorded deed or incumbrance as affected by the law of *lis pendens,* as, for instance, where an action has been instituted to recover real property or quiet title or determine conflicting claims thereto, and after the termination of the suit it is discovered that a third person who was not made a party had acquired an interest in the property from the defendant before the institution of the suit but had not put his conveyance on record. The weight of authority is apparently to the effect that the holder of an unrecorded conveyance made before the commencement of an action cannot be regarded as a purchaser *pendente lite.* In some jurisdictions, however, the reverse of this is maintained, and this latter holding is undoubtedly correct if the question arose in States where statutes in effect provided that an instrument not duly recorded should have no effect as against persons having no actual notice thereof. (17 R. C. L. 1030.) See to the same effect, 21 Am. & Eng. Ency. of Law, (2d ed.) 650; *Moulton* v. *Kolodzik,* 7 Ann. Cas. (97 Minn.) 1090, and cases in note; 1 Freeman on Judgments, (4th ed.) secs. 201, 366.

Section 30 of our Conveyance act provides: "All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be

adjudged void as to all such creditors and subsequent pur-
chasers, without notice, until the same shall be filed for rec-
ord." (Hurd's Stat. 1916, p. 605.)

This court has defined the word "creditor" in *Martin*
v. *Dryden,* 1 Gilm. 187, on page 217: "He is one who,
without actual or constructive notice of a prior conveyance
or incumbrance, institutes such proceedings or takes such
steps as effect a lien on the land before the recording of
such conveyance or incumbrance, whether the debt be prior
or subsequent to them, and whether the vendor, at the time
of conveying or incumbering, had other property sufficient
to pay the debt or not." Did the beginning of these pro-
ceedings create a lien on the land in favor of the purchaser,
so as to make the purchaser a creditor as against the sub-
sequently recorded deed? Had this deed not been recorded
until after the decree of sale had been entered and the deed
given to Petersen there could be no question but that Peter-
sen's title would have been good as against such unrecorded
deed. In *McNitt* v. *Turner,* 85 U. S. 352, the United States
Supreme Court, in construing section 30 of our Conveyance
act, held that the purchaser at a judicial sale was a creditor
within the act and that an unrecorded deed which was not
recorded until after the sale did not take effect against such
purchaser. In this case, however, this deed was recorded
before the decree of sale was entered. Was the recording
of this deed before the sale actual or constructive notice to
the purchaser?

This court in *Thomas* v. *Burnett,* 128 Ill. 37, held that
an attaching creditor who levies his attachment without no-
tice of a prior unrecorded deed of his debtor, either actual
or constructive, acquires a lien which, if perfected by judg-
ment, execution, sale and deed, will hold the legal estate as
against the grantee in a prior unrecorded deed; that hav-
ing acquired a lien as an innocent creditor without notice
he will have a right to enforce the same, notwithstanding
he may have, subsequently to the levying of his attachment,

received notice of the deed. Substantially the same doctrine was laid down in *Smith* v. *Willard,* 174 Ill. 538, where Willard had recovered judgment against one Smith while Smith, according to the records, was the owner of the real estate involved in the litigation. Willard caused an execution to be issued and the property to be sold by the sheriff in satisfaction of his judgment. Smith's wife gave notice to Willard that she was the owner of the land, but notwithstanding this notice Willard became the purchaser of the land at the sheriff's sale. Mrs. Smith filed a bill to set aside this sale. A deed from Smith had been filed for record conveying the land to her. The court held that Willard being a judgment creditor before the filing of this deed for record, and before any notice, either actual or constructive, occupied the same position as a purchaser within the meaning of section 30 of the Conveyance act.

While it is true, as argued by counsel for defendants in error, that under section 30 of the Conveyance act the purchaser at a judicial sale is entitled to the same protection afforded a person at a private sale with reference to unrecorded instruments affecting the title to the property conveyed, still we think, under the authorities, it is not the commencement of the proceedings in court but the acquirement of a lien which gives priority over a deed recorded after the judicial proceedings are begun and before judgment is entered thereunder. "Under the laws of this State the mere institution of a suit does not create a lien on anything. It is the final judgment or decree that creates a lien. * * * It would be to state a new doctrine to hold the mere institution of a suit at law by one creditor gave him a prior right or lien on the fund out of which a class of creditors are to be paid that would exclude all others from a participation therein until he should first be fully paid out of such fund." (*City of Chicago* v. *Hall,* 103 Ill. 342.) Under our statute an attaching creditor who levies his attachment without notice of the prior deed acquires a lien

and therefore is protected against a prior unrecorded deed. (*Martin* v. *Dryden, supra.*) The purchaser at a sale of real estate made by the assignee of a bankrupt will hold the title against a prior unrecorded deed of the bankrupt. (*Holbrook* v. *Dickenson,* 56 Ill. 497.) But this will not be the result if the deed is recorded before the assignee's sale in bankruptcy. (*Webber* v. *Clark,* 136 Ill. 256. See, also, *Weir* v. *Snider Saw Mill Co.* 36 Ann. Cas. (88 Ohio St.) 233, and authorities in note.) "Had complainant obtained a judgment before the deeds were placed on record and before possession of the property was transferred to Elizabeth Crawford, then he would have had a prior lien over the deeds under the section of the statute cited, but we do not understand that the statute has ever been held to embrace within its provisions a creditor who has not reduced his debt to judgment or acquired a lien on the land in some other manner, but, on the other hand, we are of opinion that the statute was only designed to protect such creditors as had obtained a lien on the land by reducing their demands to judgment or in some other mode provided by the law." (*Crawford* v. *Logan,* 97 Ill. 396.) This doctrine is in accord with the reasoning of the majority and minority opinions in *Grant* v. *Bennett,* 96 Ill. 513. We know of no decision or statute in force at the time of this sale that gave a creditor a lien on the land of a deceased debtor prior to the time the decree of sale is entered to sell the land to pay debts, as against an unrecorded deed given by the decedent before his death. We need not decide what effect, if any, the act as to constructive notice in force July 1, 1917, (Laws of 1917, p. 1,) would have had upon the situation here presented had such act been then in force. While the case of *Noe* v. *Moutray,* 170 Ill. 169, is not absolutely controlling as to the legal question here under discussion, the reasoning in that case is in accord with the conclusion that the purchaser would not acquire a lien in proceedings to sell lands to pay debts until after the decree

of sale was entered. If such decree of sale was entered and the lands sold before the recording of the deed, then there would be force in the argument of counsel for defendants in error that the lien attached before the recording of the deed. But this deed from John M. Heckmann to plaintiff in error, Emma Heckmann, and her husband, was filed for record in Cook county on April 27, 1915,—that is, this theretofore unrecorded deed was filed for record some two months before the entry of the decree of sale under which defendant in error Petersen obtained title. We think, therefore, it must be held that the recording of this deed before this sale, under said section of the Conveyance act, was a notice to the purchaser of plaintiff in error's claim, and therefore Petersen cannot claim a priority over the title obtained, if any, under the deed, by plaintiff in error.

Counsel for defendants in error, however, argue that a plaintiff in ejectment must recover, if at all, on the strength of his or her own title; that the defendant's possession will not be permitted to be disturbed until the plaintiff has shown a clear title as against the defendant. (*Sidwell* v. *Schumacher,* 99 Ill. 426; *Hammond* v. *Shepard,* 186 id. 235.) And this is the law. Counsel for defendants in error argue that plaintiff in error was not entitled to recover in this proceeding because the deed to plaintiff in error and her husband was only signed by John M. Heckmann, and that as it shows on its face it was intended to be signed by both John M. Heckmann and his wife it was not binding on anyone until it was executed by both, and counsel rely in support of this argument on *Arthur* v. *Anderson,* 9 S. C. 234, and 4 Ency. of Evidence, 147. The last named authority rests its rule upon *Arthur* v. *Anderson, supra.* In that case an agreement was entered into whereby five heirs to a piece of real estate were to execute a deed. The deed was executed by two of them and was then sent to the others. Two of the others executed it and erased their signatures. The deed was delivered with the first two signa-

tures, only. It was held in that case that the deed was not valid as to the two who had executed it, for the reason that their execution was conditioned upon the other three executing it, and that therefore the deed was delivered contrary to the intention of the two who had signed it. We do not think that doctrine applies here. There is nothing in the record to show that this deed was not intended to be delivered unless both John M. Heckmann and his wife signed it, except the fact that the names of both husband and wife were in the body of the instrument and in the acknowledgment. The rule seems to be general that a deed naming two or more parties as grantors, executed by only a portion of them, is valid as to those executing it. Where a deed conveying land to a son purported to be that of the father and his wife and the father alone executed it, such deed was capable of delivery and conveyed the father's interest. (*Goodman* v. *Malcolm,* 58 Pac. Rep. (Kan.) 564. See, also, *Jackson* v. *Stanford,* 19 Ga. 14; *Colton* v. *Seavy,* 22 Cal. 496; *Scott* v. *Whipple,* 5 Me. 336; *Harrelson* v. *Sarvis,* 39 S. C. 14.) We think this deed must be held good as to any interest that John M. Heckmann, without his wife joining with him in the deed, could convey. But the evidence in the record tends to show that this property was occupied as a homestead by John M. Heckmann and his wife at the time the deed was executed, therefore the husband did not convey the homestead interest, as his wife did not join in executing the deed with him. (*Kitterlin* v. *Milwaukee Mechanic's Mutual Ins. Co.* 134 Ill. 647; *Barrows* v. *Barrows,* 138 id. 649; *Roberson* v. *Tippie,* 209 id. 38; *Karsten* v. *Winkelman,* 209 id. 547; *Olp* v. *Meyer,* 277 id. 202.) If this property, of which the homestead estate was a part, was worth more than $1000 the deed conveyed the title of the property in excess of $1000, but to the extent of $1000 in value the title to the premises was unaffected by the deed. (*Hollenbeck* v. *Smith,* 231 Ill. 484; *Karsten* v. *Winkelman, supra.*) There is no evidence in the record

283 – 33

as to the value of this homestead property. The deed conveying it to plaintiff in error and her husband gives the consideration as "one dollar and other good and valuable consideration." The report of sale states that the property sold for $1500, but it included these premises and also all the other real estate that was inventoried as owned by John M. Heckmann at the time of his death. No proof was offered of any kind by either party as to the actual value of the homestead premises. There can be no presumption that their value exceeded $1000. (*Mueller* v. *Conrad,* 178 Ill. 276; *Kilmer* v. *Garlick,* 185 id. 406; Kales on Homestead Exemption, sec. 135, note 32.) If the value of the premises was less than $1000, then, under the decisions in this State heretofore cited, the deed from John M. Heckmann conveyed to plaintiff in error and her husband absolutely no title to any of the premises in question. The burden rested upon plaintiff in error, in order to show the validity of this deed as to any part of the property, to prove that it was worth more than $1000. Plaintiff in error being required to recover on the strength of her own title and not on the weakness of that of defendants in error, has thus failed to show any title in herself to justify recovery. The evidence shows that defendant in error Petersen was in possession through the tenant, Detlaff; that Detlaff had paid rent to Petersen for the premises since the death of Mary Heckmann. The possession of a tenant is possession of the landlord. (*Walters* v. *People,* 21 Ill. 178.) It therefore necessarily follows that plaintiff in error could not recover possession from defendants in error, as the proof does not show that she was entitled to any interest in the property in question. This conclusion renders it unnecessary for us to discuss what title, if any, defendants in error obtained through the decree of sale in the proceedings to sell this property to pay debts.

The judgment of the superior court must be affirmed.

*Judgment affirmed.*